The opinion of the court was then delivered by
Miller, J.
The judgment of the lower court was in favor of plaintiffs for the property claimed by them in this suit, and against them on their claim for damages caused by eviction, and for rents of the property for the period it is claimed defendants have had illegal possession. The defences were that defendants, the widow and heirs of De Monasterio, were owners under a tax title conveyed by the State to him years before the suit was brought; that subsequently plaintiffs, or one of them, rented the property from him and is thereby estopped from disputing the title of his widow and heirs; there were defences of prescription against plaintiffs’ demands, and defendant claimed in reconvention an alleged indebtedness of the *1234 plaintiff, Edward Talle, to De Monasterio,- existing when the tax sale was made. On these issues the lower court rendered its judgment, from which there was no appeal by defendants. The appeal was by plaintiffs.
On this rehearing our attention is directed to the finality of the judgment in plaintiffs’ favor for the property, and that the plaintiffs’ appeal brought before this court only the demands of plaintiffs for rents and damages. It is therefore insisted our judgment is erroneous in setting aside plaintiffs’ judgment for the property.
The appeal submits to this court the errors in the judgment which the appellant conceives operate to his prejudice. If the other party to the suit complains of the judgment, to obtain relief he must appeal, or answering the appeal of his adversary, claim an amendment. It results that this court on the appeal can not disturb the judgment except to the extent asked at our hands by the appellants, unless there is an answer from the appellee demanding an amendment of the judgment. In other words, the judgment of the lower court becomes final as to the party who takes no appeal and asks no amendment in the mode pointed out by the Code of Practice. In this case there being no appeal by the defendant and no answer by them to the appeal, the judgment of the lower court, in favor of plaintiffs for the property, could not be called in question on this appeal of the plaintiffs or disturbed by us. Code of Practice, Arts. 888, 889, 890; Succession of Hillsberg, 1 An. 340; Succession of Decoux, 5 An. 140; Wortham vs. Schenck, 10 An. 197.
We have given attention to the argument of defendants that their defences of prescription made in the lower court against the demand for the property should be considered as filed here, because the Code authorizes such defences on the appeal. C. P. 345. But the provision of the Code in this respect secures the right to make such defence with reference to the issues brought up by the appeal. The case cited by appellees, Miller vs. Mercier, 3 N. S. 229, maintains that this court on appeal may enforce defences or sustain grounds not disposed of by the lower court. No doubt of that. But the demands in respect to which such grounds or defences are assumed or urged must be before us. Neither the Code or the decisions sustain the contention that because of the plea of prescription filed here or deemed renewed, we can touch a judgment neither appealed from or sought by answer to be amended by the party urging the prescription.
*1235 On the.question of damages for eviction claimed by plaintiffs, in our view the action is prescribed. The unlawful deprivation of the possession of the premises, as the plaintiffs describe the act on which they base their claim for damages, was clearly subject to the prescription of one year long since accrued. Oivil Code, Art. 3536. The plea of prescription in that respect is before us, and we sustain it. The prescription against the claim of plaintiffs for rents and revenues, we think, should be reserved. This is a petitory action by plaintiffs for the property and rents during the period of defend - ant’s illegal possession. To what extent the claim for rents is to be deemed the incident of the petitory action, or in any aspect is to be sustained, we think should be reserved.
It is therefore ordered, adjudged and decreed that the judgment of this court, previously rendered in this case, be set aside and annulled. It is further ordered, adjudged and decreed that the judgment of the lower court, in so far only as it dismisses and rejects plaintiffs’ demand for rents and revenues, be annulled; said judgment, in so far as it decrees plaintiffs the ownership of the property, and dismisses defendants’ reconventional demand, being left in full.force and untouched by this decree, and it is further ordered and decreed that as to rents and revenues of said property, the right to claim which is reserved to plaintiffs, that this case be remanded to the lower court for further proceedings and another trial, and that defendants pay costs.