No. 12,339.

PHILIAS GATHE VS. M. L. BROUSSARD AND ROBERT MARTIN AND SEBASTIAN HIRIART AND JAMES L. BARKER.

1. When counsel fees are claimed and when testimony has been taken upon that subject, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel from an examination of the record in which they were rendered; but it should not, when no evidence at all has been

taken, attempt to fix such value, even by consent and request of litigants. State *ex rel.* Abraham vs. Judges, 43 An. 889.

2. On appeal, the appellees neither appealing nor asking any change in the judgment appealed from, can obtain no change or reversal of the judgment of the lower court. Talle vs. Monasterio, 48 An. 1232.

3. Where a person in possession of property under a title by purchase is made defendant in a petitory action, and judgment is rendered in favor of plaintiff, decreeing him the ownership of the same, the fact that defendant's vendor was not made by him a party to the suit, may leave the question of title open incidentally to inquiry in determining the personal responsibility of the latter in warranty (C. C. 2517-2518), but it is closed by the judgment as between the vendors and the plaintiff in the petitory action. It can not be re-opened by bringing the latter into the suit between the vendee and his vendor, touching the responsibility of the latter on his warranty.

4. When a question is before a court only incidentally in connection with the determination of a main issue before it, and the issue with which it was connected has been finally disposed of, the incidental question disappears from the case as a matter for adjudication.

A PPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*James E. Mouton* for Martin & Broussard, Defendants, Appellees.

*Hébert & Hébert* for Barker & Hiriart, Defendants, Appellants.

Argued and submitted January 6, 1897.
Opinion handed down January 18, 1897.

Plaintiff alleged that on April 17, 1893, he purchased from the defendants, Broussard and Martin, certain property described in his petition (declared in the act of sale to be in the parish of St. Martin) for the price of four hundred dollars, of which two hundred dollars were paid in cash, and the balance was represented by the purchaser's note secured by mortgage and vendor's privilege, due February 16, 1894, with eight per cent. interest per annum from maturity; that petitioner immediately took possession of the property, and made thereon, for the purposes of working the same, expenses and investments to the amount of seven hundred and ten dollars, consisting mainly in employing labor for the under-cutting, the deadening and felling of cypress trees, the trailing and

drafting thereof for market; the purchase of goods and necessary supplies and provisions for the laborers by him employed; that while in the possession of said land as owner he caused to be cut thereon and floated and made ready for market some two hundred and six trees, worth at least the sum of seven hundred and fifty dollars, when on or about the 1st September, 1893, the same were sequestered at the suit of Sebastian Hiriart and James L. Barker, claiming them as having been cut from lands belonging to them, averred to be situated in the parish of Iberville, being the identical lands purchased by petitioner from Martin and Broussard; that in said suit the said trees were decreed to belong to said Hiriart and Barker.    Petitioner averred that his vendors, Broussard and Martin, were bound to him in warranty as to the validity and legality of the title to the land so sold by them to him; that if they were not at the time the owners of the property they could not validly sell or tranfer them to him, and that said sale to him was null and void, or, at least, should be annulled, avoided and canceled, and he should not only be released from all liability arising from his purchase, but reimbursed that portion of the price which he had paid cash; that his vendors were aware when they sold to him of the defects in their title and knew that they were selling lands not in the parish of St. Martin as they pretended, and that, therefore' they were liable *in solido* for all damages caused by their wrongful act, consisting of the amount spent as aforesaid on the faith of said title in working said property, say the sum of seven hundred and fifty dollars, the absolute loss of petitioner's time during the years 1893 and 1894, say six hundred dollars ($600), the costs of suit incurred in the suit of Hiriart and Barker and actually paid by him, and the fees of the attorneys employed by him in said suit, say two hundred dollars, besides additional loss of time, expenses, vexation and fees of attorney in the institution of the suit then brought, say two hundred dollars. They prayed for citation to Martin and Broussard; that petitioner have judgment against them, declaring the sale made by them to him an absolute nullity, or in the alternative, annulling, avoiding and setting aside the same and relieving petitioner from all liability resulting therefrom, particularly the payment of the note by him furnished for the credit portion of the price of purchase, and that they be condemned to pay to him the sum of nineteen hundred and ten dollars, it being the aggregate of amounts as above set forth.

Defendants denied that their title to the property sold was bad—on the contrary, they averred it was well and truly theirs; that they purchased the property on the 18th of July, 1892, at a sale made by the sheriff of the parish of St. Martin, *ex-officio* tax collector, for the collection of the unpaid taxes thereon due, and which were legally assessed thereon for the year 1891, and for costs after due publication and prescribed notices and delays. That the assessment of said taxes thereon by the parish assessor of St. Martin in the name of James D. Denegre was legal and in conformity with existing laws. They averred said property to be in the parish of St. Martin and that it continued to be assessed in that parish. They averred that the suit against the plaintiff by Hiriart and Barker was collusive between the parties thereto and intended to throw a cloud upon the ownership of Martin & Broussard of the property and to illegally impede them in the enforcement of their rights. That Hiriart and Barker had thereby slandered defendants' title and damaged them to the sum of five hundred dollars. They recognized their legal obligation to defend the title they conveyed to the plaintiff and averred that in order to do so the claims and pretensions of Hiriart and Barker should be passed upon contradictorily with defendants. They prayed that they be made parties to the suit and that there be finally judgment rendered, decreeing that the property was situated in the parish of St. Martin; the assessments thereof in that parish were legal and correct; that the claims and pretensions of Hiriart and Barker were unfounded; that defendants, Martin and Broussard, were owners of the land in litigation, and that Hiriart and Barker be condemned to pay them five hundred dollars as special, actual damage. Hiriart and Barker having been cited, appeared and excepted that defendants, Martin and Broussard, were not in possession of the property and could not maintain a jactitation suit against them; that they could not join a jactitation suit with a petitory action; that they could not institute a suit for damages against them, as they were residents of the parish of Iberville and the court for St. Martin parish was without jurisdiction. Under benefit of their exceptions they denied specially that the land in question was situated in the parish of St. Martin or assessed therein, prior to 1891. They averred that the assessment of the property made in that parish in 1891 was illegal; they denied that James D. Denègre, in whose name the property was then and there assessed, ever had

a recorded title in the parish of St. Martin.   They averred that at
the time of said assessment James D. Denègre had been dead for
many years; that neither his administrator, heirs or assigns were
notified of said assessment; that the advertisements and sale were
illegal, tortious, erroneous and fraudulent and no valid tax sales of
said lands could be made thereunder, and the pretended tax title was
null and void.   They specially denied that Martin and Broussard, or
the plaintiff their vendee, ever sought to have their pretended title
confirmed and approved, or were ever put in possession under the
law by the sheriff, by a judgment of any court of competent jurisdic-
tion; that the price paid by the plaintiff for the said lands was much
less than the actual value of the lands to the knowledge of all parties;
that they are and were mere trespassers on those lands; that the
lands belonged to themselves (Hiriart and Barker), Barker having
bought them from the heirs of James D. Denègre by act of record in
the parish of Iberville; that Hiriart purchased an interest from
defendant; that they held the patents for these lands issued to James
D. Denègre; that they had paid all the taxes on the said property
since the date of their purchase, and especially the taxes of the year
1891, for which the said lands were sold in the parish of St. Martin;
that the adjudication, therefore, to the State of Louisiana was null
and void, and no valid tax sale could be made in 1892.   Assuming
the position of plaintiffs in reconvention, Hiriart and Barker averred
that the effect of the said illegal sale and acts of Martin and Brous-
sard was to throw a cloud on their title; that the lands were all valu-
able timber property; that their title had been slandered, and they
had been put to heavy expenses by the acts of Martin and Brous-
sard, especially the pending unjust suit; that their property had been
trespassed upon and depredations committed thereon; that they were
entitled to special, actual and vindictive damages against Broussard
and Martin *in solido* for their acts, including expenses and attorneys'
fees in the pending suit in the sum of twelve hundred dollars.   They
prayed that the suit of Martin and Broussard against them be dis-
missed; that the lands be decreed to be situated in the parish of St.
Martin; that they have judgment in reconvention against Martin and
Broussard *in solido* for the sum of twelve hundred dollars, with legal
interest from the date of judgment.   They subsequently averred that
the property in controversy was worth one thousand dollars; that
they were the owners of the same, and they prayed to be so decreed

The court rendered judgment in favor of the plaintiff Gathe against Martin and Broussard, annulling their sale to him of the land described in his petition, canceling the note which he had given in representation of the credit portion of the price of sale, and condemning them to pay him two hundred dollars, the amount which he had. paid to them cash at the passing of the act of sale. The court rendered judgment in favor of Barker and Hiriart and against Broussard and Martin, recognizing and maintaining their title to the property involved in the litigation, and quieting them in their possession of the same, and rendering judgment further in their favor, annulling the title of Broussard and Martin to said land. The court further decreed that all claims for damages be rejected.

Broussard and Martin obtained an appeal, which they did not perfect; Hiriart and Barker have appealed and given bond.

---

The opinion of the court was delivered by

NICHOLLS, C. J. Broussard and Martin are before this court simply as appellees in the matter of the appeal taken by Hiriart and Barker, They have filed no answer and asked no change in the judgment against them in favor of the appellants. The only issue therefore before the court is whether the judgment of the District Court rejecting Hiriart and Barker's demand for damages against Broussard and Martin be correct or not. (See the case of Talle vs. Monasterio, 48 An. 1233.)

Appellants ask that we pass upon the question whether the property involved in this suit be situated in the parish of St. Martin or in the parish of Iberville, but that question was not a direct or substantive issue in the case; it was only incidentally before the lower court in connection with the issue before it, which was as to whether the title to Broussard and Martin, under a tax sale in St. Martin parish in enforcement of a tax assessed there in the name of James D. Denègre, was legal or not. When the issue with which it was connected was disposed of the incidental question disappeared from the case. There are no rights of the parties dependent upon an adjudication upon it and we scarcely think its consideration would have been necessary, even had the legality of the tax sale itself been brought before us for decision. An examination of the record in this case discloses nothing which,

in our opinion, calls for a reversal of the judgment of the District Court upon the question of damages as being justly demandable by Hiriart and Barker from Broussard and Martin. Broussard and Martin bought the property in litigation at public auction at a tax sale. They subsequently sold it to Gathe, the plaintiff in this suit. The latter took possession under his purchase and through his employees, deadened and cut down a considerable quantity of timber upon the land. When so engaged Hiriart and Barker brought an action against him claiming ownership of the land, as well as that of the timber which had been cut. The pleadings filed by them in that suit are copied in this record, but those of the defendant Gathe have not been produced. The judgment in the case was in favor of Hiriart and Barker against Gathe, decreeing the land in question, and also the timber which had been cut, to belong to them. The present suit followed. Broussard and Martin's whole connection with the property seems to have consisted in their having purchased it at tax sale and subsequently sold it to Gathe, and in their having brought Hiriart and Barker into the present suit as parties. They should not have been called into the suit. Though the question of title to the property was, as between Gathe and his vendors, left open incidentally to inquiry in determining the personal responsibility of the latter in warranty, for the reason that they had not been notified by him of the suit brought to evict him (C. C. 2517, 2518), the issue as to the ownership of the land had been definitely disposed of by the judgment in the action between Gathe and Hiriart and Barker. Broussard and Martin could not reopen it in the present suit. Hiriart and Barker should have insisted at once that the matter had, so far as they were concerned, been closed by the judgment in their favor, and declined in the premises any further investigation into their rights. We think, however, that Broussard and Martin acted in perfect good faith in making them parties, under the impression that not having been direct parties to the suit in which the judgment had been rendered, the question of the title was still at large open to inquiry by themselves, contradictorily with the plaintiffs in the first action. We do not think they are chargeable in favor of Hiriart and Barker with attorney's fees. Even if they were, the record would not have furnished us evidence upon which we could fix the amount of such fees. It is true that when testimony has been taken upon that subject, courts are not only authorized, but it is

their duty to bring to bear their knowledge of the value of the services of counsel from an examination of the record in which they were rendered, but they will not and should not, where no evidence at all has been taken, attempt to fix such value, even by consent and request of litigants.    State *ex rel.* Abraham vs. Judges, 45 An. 889.

Finding no error in the judgment appealed from, it is hereby affirmed.