LAND, J.
Plaintiffs sued on a quantum meruit to recover $3,705, with legal interest from August 29, 1905, for services as attorneys at law, commencing January 1, 1904.
Defendant pleaded the general issue, and then averred that, if any valuable services were rendered, the amount charged is excessive. There was judgment in favor of plaintiffs for $1,700, and the defendant has appealed. In their answer to the appeal, the plaintiffs have prayed that the judgment be amended by increasing the amount to $3,705.
The statement annexed to the petition shows that the amount sued for embraces 32 items for services rendered in and out of *237 court. The record does not inform us on what items the judgment for $1,700 was based. The brief of the appellant does not assail any particular item, and thus sets forth her contention in this court:
“This case rests entirely on questions of fact which can be weighed by this honorable court ■only after reading the entire testimony, and particularly the so-called itemized account filed by plaintiffs and printed in full in this brief. We contend that the amount allowed by the learned judge of the district court is still excessive and far beyond what could be called reasonable and fair compensation, and should be reduced to about $500, at most, as the services alleged to have been rendered were of very little value, if any, to the defendant.”
We have read all the evidence in the record, and conclude that, while the amount allowed is liberal, we are not prepared to ■say that it is excessive or insufficient.
Determining the fees for services of an attorney is a matter of great delicacy, and a ■court in fixing them must be guided by a conscientious estimate of their value. State ex rel. St. Amand v. Bank, 49 La. Ann. 1060, 22 South. 207. Expert opinion, in such cases, 3s a guide, but is not necessarily controlling on the court. Randolph, Singleton & Browne v. Carroll, 27 La. Ann. 467; 4 Cyc. 1003. Where the nature and extent of the services are shown by the record, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel. Gathe v. Broussard, 49 La. Ann. 312, 21 South. 839. In the case at bar much of the expert testimony adduced in behalf of the defendant is not applicable to the particular services rendered. On the other hand, a number of the items claimed are not sufficiently supported 'by the evidence as to the nature and extent ■of the services to justify an allowance of the amounts claimed. Our own estimates ■approximate the result reached by the judge a quo, and we therefore see no good reasons for amending his judgment.
Judgment affirmed.