SUCCESSION

OF

HARRY CHARLES CHRISTIAN DEMIEN    (

NO. 8987

COURT OF APPEAL

PARISH OF ORLEANS

- - - -

WILLIAM A. BELL, JUDGE.

APRIL 16, 1923.

Court of Appeal

April 16/23

432

By WILLIAM A. BELL, Judge.

This is an appeal taken by the universal legatee from a judgment homologating the provisional account of the executors of this estate, in which the fees for the attorney of the executors, placed on the account for $1250.00, and the fees of the attorney for absent heirs, placed on the account for $200.00, is opposed.

The decedent left an estate consisting of cash, mortgage notes, real estate, etc., inventoried at $14,949.59. The will named executors and provided for a number of legacies to collateral relatives, payable in marks, some of which were direct gifts, and some are legacies of the interest on certain amounts, with the provision that the principal should go to other legatees; and making the City of Krakow, Germany, residuary legatee. On the trial of the opposition, the fees of the attorneys for the executors were reduced to $1,000.00 and the fee of the attorney for absent heirs maintained at $200.00, the amount fixed in the account. From this judgment the City of Krakow has appealed.

The only issue is the value of the services of the attorneys mentioned. We have given careful examination to the extent of the services as shown in the record, with the result that we are of the opinion that the oppositions are not well founded and that the fees are just and reasonable and should be allowed.

It has been held in the Succession of Caballero, 25 Ann., 646, that when attorneys fees rendered to the estate is awarded in the sum of $500.00, that the attorney for absent heirs is reasonably paid the sum of $100.00. The judge a que has awarded what is to us a reasonable fee in the sum of $1,000.00 to the attorneys of the executors and on this basis we think he has duly observed the rule just cited in awarding $200.00 to the attorney for absent heirs.

In the Succession of Richards, 49 A., 1115, the Court said

"The estimation of the value of professional services of an attorney at law is only a question of law, and one that comes peculiarly within the province of the judge a quo who superintended the making up of the record upon which the same must necessarily depend, giving him a very intimate acquaintance with all of its details, as well as knowledge of the kind and value of what services were performed."

In Dinkelspiel v. Pons, 119 La., 236, and in the Succession of Herwig, 127 La., 127, it has been held where the amount allowed by the trial judge for professional services are not manifestly insufficient or excessive, the judgment will be affirmed.

IT IS ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is affirmed at appellants costs in both courts.

JUDGMENT AFFIRMED.                                APRIL 16, 1923.