## FRANCOIS v. WASHINGTON NAT. INS. CO.
### No. 14390.

Court of Appeal of Louisiana. Orleans.
March 13, 1933.

William A. Green, of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

PER CURIAM.

Our attention is called to the fact that defendant neither appealed from the judgment rendered below nor answered the appeal taken by plaintiff. Our decree, therefore, should not have amended the judgment appealed from in defendant's favor, for whereas under C. P. art. 888, an appellee who has cause to complain against any part of a judgment may " * * * without appeal on his part, state in his answer the points on which he thinks he has sustained wrong, * * *" he cannot be heard to complain unless he has answered or has himself appealed, because, as is provided in C. P. art. 889, "if the appellee, on the appeal of the other party, neglect to pray that the judgment be reversed on those points which are prejudicial to him, he shall not afterwards be allowed to appeal, but the judgment shall remain irrevocable for or against him."

"An appellee cannot have a judgment amended in his favor unless he has prayed for it in his answer to the appeal." Morris v. Cain's Ex'rs, 39 La. Ann. 712, 1 So. 797, 806, 2 So. 418.

In Talle v. De Monasterio et al., 48 La. Ann. 1232, 20 So. 687, 690, the Supreme Court said: "The appeal submits to this court the errors in the judgment which the appellant conceives operate to his prejudice. If the other party to the suit complains of the judgment, to obtain relief, he must appeal, or, answering the appeal of his adversary, claim an amendment. It results that this court, on the appeal, cannot disturb the judgment, except to the extent asked at our hands by the appellant, unless there is an answer from the appellee demanding an amendment of the judgment. In other words, the judgment of the lower court becomes final, as to the party who takes no appeal, and asks no amendment in the mode pointed out by the Code of Practice. In this case, there being no appeal by the defendants, and no answer by them to the appeal, the judgment of the lower court, in favor of plaintiffs for the property, could not be called in question on this appeal of the plaintiffs, or disturbed by us."

See, also, Leschen & Sons Rope Co. v. C. T. Patterson & Co., 130 La. 557, 58 So. 336; City of New Orleans v. New Orleans Jockey Club, 115 La. 911, 40 So. 331; Gathe v. Broussard, 49 La. Ann. 312, 21 So. 839; Commercial Bank v. Shanks, 129 La. 861, 56 So. 1028.

It is therefore ordered, adjudged, and decreed that our original decree be, and it is, recalled and annulled, and it is further ordered that the judgment appealed from be, and it is, affirmed; plaintiff-appellant to pay all costs of appeal; defendant-appellee to pay all other costs.

Original decree recalled.

Judgment appealed from affirmed.