LAND, Justice.
 

 John M. Robinson, a wealthy planter and prominent business man in Caddo parish, died at his domicile in that parish on April 27, 1935, leaving a last will, olographic in form, and made by the testator in the year 1934.
 

 This will was duly probated by the law firm of Tucker & Mason of Shreveport, La.
 

 The inventory filed in his succession shows that the community property owned by decedent and his wife is estimated at $427,324, and that decedent’s one-half, plus $32,266.67, the value of his separate estate, amounts to $245,928.67.
 

 This is a suit for the recovery of an attorney’s fee, on a quantum meruit, for the writing of the will of 1934; the proceeding being by way of opposition to the tableau of debts filed in the succession of decedent.
 

 In fixing a part of the value Of his services, opponent has relied upon the promise of decedent that-, he would be allowed to open his succession. This factor, however, in estimating the quantum for services rendered, has passed out of the case, as the succession of decedent was opened by other attorneys.
 

 Even a contract for the legal services of an attorney is a mandate, and, except as to the irrevocable powers of attorney, as prescribed in Civil Code, art. 3027, they are revocable at the will of the principal. Foster, Hall, Barret & Smith v. Haley, 174 La. 1019, 142 So. 251, citing numerous authorities.
 

 The trial judge allowed opponent a fee of $4,000 for writing the will of 1934, the amount claimed being the sum of $5,000; and opponent has answered the appeal, praying that the judgment be amended by increasing same to $5,000, as originally claimed.
 

 (1) It is true that a preponderance of the testimony given by the attorneys at the
 
 *745
 
 Shreveport Bar is to the effect that a reasonable fee for the writing of the will in this case would be from $4,000 to $5,000.
 

 In Peltier v. Thibodaux, 175 La. 1026, 144 So. 903, 904, plaintiff, an attorney at law, claimed a fee of $17,500 for services in connection with the succession, and was allowed a fee of $9,500 by the trial judge, and the- judgment was affirmed by this court.
 

 The effects of the succession in that case were .appraised at $426,407.56, and in the instant case are appraised at $427,324. Plaintiff in that case claimed that he should receive not less than 4 per cent, -of the inventoried value, and, as stated in the opinion, “Plaintiff is supported in his view as to the amount of the fee by the testimony of eminent practitioners who were called to testify in his behalf, some of them being from the New Orleans bar and others from the country parishes. These attorneys, or at least a vast majority of them, expressed the opinion that the fee charged by plaintiff is not excessive.”
 

 In the Peltier Case, 175 La. 1026, at page 1029, 144 So. 903, it is stated: “Plaintiff’s services in connection with the succession included the probating of the will, supervising the making of the inventory, the calculation and determination of the inheritance tax due the state, and the tax due the United States government, having the testamentary executor qualified, looking after the sale of certain stocks and bonds, the rearrangement and readjustment of certain obligations due by the succession, and the payment of others, and finally having the widow and heirs of the deceased recognized and sent into possession.”
 

 The opponent claiming the fee in this case is Albert L. Alexander, Esq., a member of the late law firm of Alexander & Alexander, at Shreveport, La.
 

 The substantial facts, as shown by the evidence, are:
 

 In the year 1932, John M. Robinson, decedent, had a consultation with opponent for the purpose of having him draft a form of olographic will, which opponent did. In the year 1933, Mr. Robinson again called on opponent for the purpose of getting advice for the modification of the 1932 will, which was given. The will was rewritten and then approved by opponent. In the year 1934, Mr. Robinson again returned to opponent for the purpose of again modifying and rewriting the will. Opponent again advised with him, and Mr. Robinson again rewrote the will as instructed, and again submitted same to opponent for his approval, which opponent, after a thorough inspection, again gave. Mr. Robinson rigidly followed the advice, both as to law and form, that was given by opponent in the making and confection of all of these wills, and particularly the 1934 will, which was probated in this case. At the time these wills were drafted, and particularly the 1934 will, opponent made no charge for same, as he states that he was informed by Mr. Robinson that he would be the attorney to open his succession, and it was the custom of his firm to include the charge for drafting a will in the fee charged for the opening of the succession.
 

 
 *747
 
 (2) All of the decisions by this court will show that the value of the services rendered by the attorney was the dominant idea in fixing the fee in the particular case under consideration.
 

 In this connection it is said in the Peltier Case, 175 La. 1026, at page 1031, 144 So. 903, 904:
 

 “In the early case of Succession of Macarty, 3 La.Ann. 517, 521, Chief Justice Eustis said :
 

 “ ‘The responsibility of determining the amount of fees for professional services is a matter of great delicacy; and under the rules on which our predecessors and the profession have acted for years, a court in fixing them in a case of this kind must be guided by a conscientious estimate of their value.’
 

 “In the case of Dinkelspiel & Hart v. Pons, 119 La. 236, 43 So. 1018, Justice Land, speaking for the court, said:
 

 “ ‘Determining the fees for services of an attorney is a matter of great delicacy, and a court in fixing them must be guided by a conscientious estimate of their value. State ex rel. St. Amand v. Bank of Commerce, 49 La.Ann. 1060, 22 So. 207. Expert opinion, in such cases, is a guide, but is not necessarily controlling on the court. Randolph, Singleton & Browne v. Carroll, 27 La.Ann. 467 ; 4 Cyc. 1003. Where the nature and extent of the services are shown by the record, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel. Gathe v. Broussard, 49 La.Ann. 312, 21 So. 839.’
 

 “In Hunt v. Hill, 138 La. 583, 70 So. 522, 526, the present Chief Justice was the organ of the court, and, in an exhaustive opinion in which the jurisprudence was reviewed, said that ‘expert opinion in such cases (cases fixing fees for attorneys) is a guide, but is not necessarily controlling on the court,’ and as relating to the fees approved by this court in succession matters it was said:
 

 “ ‘It appears from the foregoing review of our jurisprudence that the attorney’s fees allowed in succession matters have ranged from 2 to 5 per cent, of the amount of the inventory. * * * In only one of the successions to which we have been referred did the attorney’s fee exceed 5 per cent. That was in the Succession of Rabassc (51 La.Ann. 590, 25 So. 326), involving much litigation and several appeals to this court; and a fee of $6,000 — not quite 5 per cent. — was allowed.’”
 

 Our conclusion is that a fee of $2,500 is a reasonable one for the services rendered to decedent for consultations and advice given by opponent as to the wills of 1932 and 1933 which, culminated in the writing of the final will of 1934, which was probated in this case by other attorneys.
 

 (3) Since we have reduced the judgment from $4,000 to $2,500, opponent’s prayer in his answer to the appeal to increase the judgment to $5,000 is denied.
 

 (4) We also decline to dismiss the appeal in this case for failure of appellant to make the deposit of $25, when the transcript was filed. As the deposit was made before arguing the case on the merits, the motion to dismiss is without merit, and is overruled.
 

 
 *749
 
 It is therefore ordered that the judgment appealed from be amended by reducing same from $4,000 to $2,500, and that, as amended, the judgment be affirmed.
 

 It is further ordered that opponent, appel-lee, pay the costs of appeal, and that the succession of John M. Robinson pay all costs of lower court.
 

 HIGGINS, J., absent.