FOURNET, Chief Justice
(dissenting).
This is a sequel to the case of Peiser v. Grand Isle, Inc., reported in 221 La. at page 585, 60 So.2d 1, et seq., where, in reviewing on certiorari the judgment of the lower court dissolving a temporary restraining order- previously issued, denying the preliminary injunction, and rejecting the demands of plaintiffs for appointment of a receiver, we recalled the writs; and the case is now before us on appeal by the same plaintiffs to review the lower court’s judgment wherein attorney’s fees of $12,500 were assessed against them,' under LSA-R.S. 12:753(C). Defendant answered this appeal, seeking to have the attorney’s fees increased to $20,-000 and certain rejected claims for services recognized.
While it is true that the attorneys are supported in their claim by the testimony of other attorneys, expert opinion in such cases is a guide but is not necessarily controlling on the Court. See Randolph, Singleton & Browne v. Carroll, 27 La.Ann. 467; Gathe v. Broussard, 49 La.Ann. 312, *312 21 So. 839; Dinkelspiel & Hart v. Pons, 119 La. 236, 43 So. 1018; Hunt v. Hill, 138 La. 583, 70 So. 522; Succession of Williams, 156 La. 704, 101 So. 113. And, as pointed out in Peltier v. Thibodaux, 175 La. 1026, at page 1032, 144 So. 903, at page 904, “The opinion of eminent lawyers as to the value of services - rendered by members of their profession in any given case is helpful, and should always be considered. At the same time courts should and do keep in mind that there is an esprit de corps among men of the same profession vohich restrains them from underestimating the value of their own services ”. (Italics mine.)
As author 'of the opinion when this case was previously before us, I reviewed and studied all of the proceedings in that record; and after reading-the testimony in this case I am convinced that the fee assessed against the plaintiffs due to the unsuccessful prosecution of the receivership proéeedings is excessive. In fact, I think the author of the majority opinion entertaitis some misgivings, as indicated by the remark that “At first blush, and considering that the receivership proceedings were terminated within a period of less than five months, the allowance of $12,-500 attorney’s fees would seem somewhat large.”
One of the reasons, if not the principal one, for this Court’s ruling declining plaintiffs’ petition for a receiver (based on provisions of subsections (2) and (11) of LSA-R.S. 12:752) was that “Inasmuch as it appears that the board of directors of the corporation are contemplating an extrajudicial liquidation of the affairs of the corporation pursuant to the provisions of their charter and the laws of this State, a receivership to accomplish the same purpose, without a showing to the contrary, would but prolong the procedure and add expense”; the Court specifically pointing out that “If, at some future time, the directors attempt to dissipate the assets of the corporation or otherwise .to put the interests of the plaintiffs in imminent danger [as had been done by the former president of the corporation], they have their remedy in court.” [221 La. 585, 60 So.2d 4.]
. An examination of this ■ record discloses that the basis for the large size of the demand on the part of counsel, and the fixing of the award at $12,500, is that these three attorneys devoted -almost three months of their time exclusively to this case. On close scrutiny of their testimony, however, I find that Attorney Ballin testified that according to his time sheet he devoted 146 hours to his portion of the work; Mr. Barnett testified, from !his records, that he worked on the case 121 hours; and Mr. Cahn’s time sheet indicated a total of 124 hours. If we assume that these attorneys work union hours, Mr. Ballin worked 18 full days of eight hours per day, Mr. Barnett worked 15 full days, and Mr. Cahn worked 15% full days. In my *314 opinion, a fee of $5,000 would amply compensate these attorneys for the services they have rendered in this particular case.
The evidence also indicates that the attorneys in fixing their own fee, and experts in their testimony that such a fee was reasonable for the services rendered, based their conclusion largely on the fact that by liquidating the corporation in the manner that had been recommended (extra judicial, by surrendering the assets to the stockholders after paying the debts), they would avoid a substantial income tax liability. Of course, the only ones who will profit by this are the stockholders who employed the attorneys in this case as, under either method of liquidation, the corporation passes out of existence.