LOTTINGER, Judge.
This is a suit wherein the plaintiff, Thurman W. James, seeks to recover from the Employers Mutual Liability Insurance Company of Wisconsin, the liability insurer of one Hugh V. Wall, the sum of $678.42 representing the cost of repairing plaintiff’s automobile which was damaged in an in-tersectional collision with the vehicle owned and driven by Wall.
The accident occurred in the early morning of May 4, 1953, at the intersection of Winbourne Avenue and North Foster Drive in the City of Baton Rouge, Louisiana. At the time of the collision the plaintiff was proceeding in an easterly direction on Win-bourne Avenue and the other driver, Wall, was proceeding in a northerly direction on North Foster Drive. There is a traffic signal light at this intersection which operates in conventional sequence from 6 o’clock a.m. each morning until 9 o’clock p.m., at which time it begins a flash sequence which continues in operation until 6 o’clock a.m. at which time it resumes conventional sequence. When operating in flash sequence the light flashes the caution (yellow) and green signal on North Foster Drive and at the same time flashes a red signal on Win-bourne Avenue.
Briefly stated, it is the plaintiff’s contention that the accident occurred subsequent to 6 o’clock a.m. as he entered the intersection on a green light with Wall, the defendant’s assured running a red light. The defendant contends, on the other hand, that the accident occurred prior to 6 o’clock a.m. *889 with Wall entering the intersection on a flashing yellow and green light and the plaintiff entering against a flashing red light.
The case is before us on an appeal by the plaintiff from a judgment of the lower court which dismissed the suit at his costs.
One of the contentions advanced by the appellant is that, regardless of whether there was fault on his part, the judgment appealed from must nevertheless be reversed as the defendant failed to plead contributory negligence and the record affirmatively shows negligence on the part of Wall. A reading of the defendant’s answer reveals that it merely alleges that the accident “was caused solely by the negligence of the plaintiff.” It does not include an alternative plea of contributory negligence, and, consequently, under the established jurisprudence, we must hold that the negligence of the plaintiff cannot be considered. See Lobell v. Neal, La.App., 48 So.2d 797, decided by this court and cases therein cited.
There remains for consideration the question of negligence, if any, on the part of the defendant’s assured, Wall. The pertinent part of his testimony is as follows:
“Q. As you were driving down North Foster Street on the morning of May fourth, when did you observe the traffic light at the intersection of North Foster and Winbourne? A. I would say two blocks back you could see it clear.
“Q. What was the light doing at that time? A. Green and yellow.
“Q. It was blinking green and yellow to you? A. Yes, sir, all the time.
“Q. Did you know what color it was blinking on Winbourne Street? A. Yes, sir.
“Q. What color was it? A. Red.
“Q. Now, about how far were you from the intersection when you first observed the automobile belonging to Mr. James? A. I would say, about twenty feet, fifteen or twenty feet.
“Q. Did it appear that Mr. James had his automobile under control? A. Well, I thought he did.
“Q. Did you think that he would be able to stop at the intersection of Win-bourne and North Foster? A. Yes, sir.
“Q. Did you continue to approach the intersection at approximately the same speed? A. Well, I slowed up and went on under.”
On cross examination Wall admitted that the speed of the James vehicle was approximately the same as his. He also stated that when he was only some twenty-five feet from the intersection the James vehicle was about one-half of a block away, yet he admits that the collision occurred in the center of the intersection. He must have been mistaken as to the distance of the James vehicle. The two police officers who investigated the accident testified that Mr. Wall told them that he didn’t notice the danger of the accident until he was right in the intersection. The witnesses testified that there was nothing in this intersection to impair vision. Therefore; both drivers could and should have seen each other.
We think it apparent from the testimony that the defendant’s assured completely disregarded the plaintiff’s vehicle or either failed to observe the plaintiff until it was too late. Mr. Wall stated, however, he saw the vehicle of plaintiff approaching at approximately the same rate of speed that he was traveling and in the face 'of the blinking light he entered the intersection and the collision occurred in the center of said intersection. We feel that the obvious purpose of the flashing traffic light was to alert motorists of the danger of the intersection, and to disregard same in the face of oncoming traffic amounted to negligence.
While the plaintiff prayed for the sum of $678.42, he testified that he paid out the sum of $666.45, which latter sum he is entitled to receive.
For the reasons assigned the judgment, appealed from is reversed and it is ordered *890 that there be judgment in favor of the plaintiff -Thurman W. James and against the defendant, Employers Mutual Liability Insurance Company of Wisconsin, in the sum of $666.45 together with legal interest from September 25, 1953 and all costs.
Judgment reversed.