77 So.2d 110 (1954)
SERVICE FIRE INSURANCE COMPANY OF NEW YORK et al.
v.
Lee R. SUEZY.
No. 3920.
Court of Appeal of Louisiana, First Circuit.
December 10, 1954.
Pugh & Boudreaux, Lafayette, for appellants.
Walter B. Gordy Jr., Abbeville, for appellee.
LOTTINGER, Judge.
This is a suit by Service Fire Insurance Company of New York and Henry Hartner against Lee R. Suezy for property damages resulting from an automobile accident. The said insurance company is the collision insurer of Hartner and appears herein by virtue of an act of subrogation. The lower court rendered judgment in favor of the defendant and dismissed the suit. The petitioners have appealed.
On the date of the collision, Mrs. Henry Hartner was driving the Hartner car in a Westerly direction on Louisiana Highway No. 25, approximately one-half mile West of Abbeville, Louisiana. The facts show that the defendant was traveling in the same direction and in front of the Hartner car. Mrs. Hartner sought to pass the Suezy truck and pulled over into her left lane to do so. While Mrs. Hartner was in the act of passing the Suezy truck, Mr. Suezy attempted to negotiate a left hand turn, and the two cars collided in the left hand lane. The damage to the Suezy truck was to the left front end. The damage to the Hartner car was on its right side.
Mrs. Hartner claims that she blew her horn before attempting to pass Mr. Suezy and was almost even with the Suezy truck when the defendant suddenly, and without any signal, abruptly turned to the left. Her testimony is substantiated by a passenger who was riding in the petitioner's car.
Mr. Suezy, on the other hand, claims that he held out his hand for a left turn for some distance prior to turning. He admits that he saw the Hartner car following him at some distance a short while before turning, and further admits that, at the moment he *111 made the turn, he did not look to see exactly where the Hartner car was.
Petitioner's petition claims that the accident was due solely and proximately to the gross negligence of defendant in the following respects:
(a) In negligently failing to indicate a left turn signal sufficiently in advance of executing said turn to give due warning to the driver of assured's automobile, of his intention to turn left as required by law.
(b) In negligently failing to take steps to ascertain that the way was clear of approaching traffic from either direction and that said turn could be executed in safety prior to turning left across assured's lane of travel.
(c) In executing said left turn at a time when assured's automobile was lawfully overtaking and passing his said vehicle when he saw or should have seen it approaching from the rear.
(d) In failing to permit assured's automobile to pass in safety after the driver thereof had twice sounded the horn and given due warning.
(e) In failing to maintain a proper lookout.
(f) In failing to have his vehicle under proper and reasonable control.
(g) In failing to see what he should have seen and do what he should have done.
The defendant filed answer denying all the material allegations of petitioner's petition, and bases his defense solely on the premises that "* * * the resulting collision and damage to assured's automobile was entirely due to assured's wife's failure to heed respondent's hand signal and attempting to pass respondent's truck at a high rate of speed.
The lower court held that the negligence of Mrs. Hartner in failing to heed the hand signal given by defendant was a proximate cause of the collision, and rendered judgment for the defendant. The petitioners have appealed.
As usual the evidence by the parties to the accident was conflicting. Mrs. Hartner and her passenger both testified that Mrs. Hartner sounded her horn prior to attempting to pass Mr. Suezy, and they both testified that the defendant failed to signal his intention to make a left turn. Mr. Suezy and his passenger, on the other hand, both testified that they heard no horn prior to the accident, and that the defendant did give a hand signal of his intention to execute the left turn.
Mr. Joseph Hebert, who was standing in front of a seed store near the site of the accident, testified that Mr. Suezy did give a hand signal of his intention to turn left, and at a distance of about 75 feet before he actually turned. At the moment that Suezy commenced his left turn, Hebert fixed the position of the Hartner car in its left lane and in the process of passing the Suezy truck with its front about even with the truck's rear. He testified that Mrs. Hartner attempted to pull to her left to avoid the collision but failed.
Mr. Suezy testified that he was on his way to the seed store when the accident occurred. The purpose of his left turn was to get into the driveway to the seed store which was on his left side of the highway. He testified that just before the accident, he looked into his rear view mirror and saw the Hartner automobile approaching at some distance behind him. His testimony, on this score, is as follows:
"Q. Let's go back to when you got ready to turn left. You looked back in your mirror when you were about 200 feet or more from where you turned, and saw Mrs. Hartner's automobile, you say maybe it was a little better than mile back at that time? A. Yes, sir.
"Q. And you didn't look back again? A. No, sir. I stuck my hand out and held it out a good while and then turned in.
"Q. You didn't check to see whether she was closer to you or that she was coming in the back just before you turned? A. No, sir.
"Q. You didn't hear the horn? A. No, sir. There was no horn."
Now the record establishes that the speed of the Suezy truck just prior to the *112 collision at about 15 miles per hour, and the speed of the Hartner car at about 35 miles per hour. This being the case, it is clear that the Hartner car was much closer than a mile to the rear of the Suezy truck when Suezy looked in his mirror. It is fundamental law that a left turn is an extremely dangerous maneuver, and that the party making a left turn must exercise the utmost of caution in determining that it might be made in safety. LSA-R.S. 32:235, subd. A. provides as follows:
"The driver of any vehicle on the highways of this state shall ascertain, before turning around upon the highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear."
LSA-R.S. 32:236, subd. A. provides as follows:
"The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * * *."
By his own admission the defendant did not exercise such caution, as, although he knew that the Hartner car was following him, he did not look immediately prior to turning to determine that the way was clear. Regardless of whether or not he had given a hand signal, he knew that there was traffic behind him and yet failed to exercise the caution that the law imposes upon him. By just giving the hand signal Suezy only performed one-half of his duty. He should also have looked to see if the way was clear. If he had looked, he would have seen he could not make the turn safely. This is similar to a motorist who comes to an intersection and stops but fails to look for approaching traffic. He only performs one-half of his duty under the law. This was definitely an act of gross negligence on the part of the defendant and was a proximate cause of the accident, if not the proximate cause of the accident.
Although there may have been some negligence on the part of Mrs. Hartner in failing to see the hand signal that was allegedly given by the defendant, we feel that the petitioners have definitely proved negligence on the part of the defendant, and, regardless of whether there was contributory negligence on the part of petitioner such negligence cannot be considered. As was stated above the defendant based his entire defense on the premise that the negligence of petitioner was the proximate cause of the accident. Nowhere in his answer, nor in his brief before this Court, has the plea of contributory negligence been argued. It now is the established jurisprudence of this state that the plea of contributory negligence is an alternative and affirmative defense which must be specially pleaded.
In James v. Employers Mutual Liability Insurance Company of Wisconsin, 75 So.2d 888, 889, this Court said:
"One of the contentions advanced by the appellant is that, regardless of whether there was fault on his part, the judgment appealed from must nevertheless be reversed as the defendant failed to plead contributory negligence and the record affirmatively shows negligence on the part of Wall. A reading of defendant's answer reveals that it merely alleges that the accident `was caused solely by the negligence of the plaintiff.' It does not include an alternative plea of contributory negligence, and, consequently, under the established jurisprudence, we must hold that the negligence of the plaintiff cannot be considered. See Lobell, for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, La.App., 48 So.2d 797, decided by this court and the cases therein cited."
A complete review of the matter was given by this Court in Lobell, for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, La.App., 48 So.2d 797. The evidence introduced in the present case, which tends to show that Mrs. Hartner was guilty of contributory negligence, does not broaden the pleadings filed as the said evidence was introduced and admissible to show that Mrs. *113 Hartner's negligence was the proximate cause of the accident. Although the defendant failed to sustain its burden of proof, in this respect, defendant's evidence shows some indication that petitioner was guilty of contributory negligence. However, as contributory negligence was not pleaded, under the doctrine stated in the Lobell case, we are not able to now hold the petitioner guilty of same.
We feel that the lower court was erroneous in its judgment dismissing the petitioners' demand, and the said judgment will be reeversed. The damage to the Hartner car was shown by the evidence to be in the sum of $305.21 of which sum the Service Fire Insurance Company has reimbursed him the sum of $255.21 under his policy. The petitioner, Hartner, has suffered a loss of $50 under his deductible collision policy.
For the reasons assigned, the judgment of the lower court is reversed, and there is judgment herein in favor of Service Fire Insurance Company of New York, and against Lee R. Suezy in the sum of $255.21, and in favor of Henry Hartner and against Lee R. Suezy in the sum of $50, together with legal interest and costs, as prayed for.
Judgment reversed.