GLADNEY, Judge.
The Audubon Insurance Company, insurer of a Pontiac automobile owned by Luke Rachal, paid to the insured all except Fifty ($50.00) Dollars of the damages sustained by Rachal’s car as a result of an in-tersectional collision which occurred in the City of Alexandria, Louisiana, on August 6, 1955, and on February 6, 1956, this suit was instituted by the company and Rachal against Ervin Lavallis. Certain acts of negligence were attributed to Clyde Lavallis, son of the defendant, who was driving the defendant’s pickup truck at the time it collided with the automobile owned by Luke Rachal. Respondent denied his son was at fault in the collision and reconvened for stated damages. However, during the trial defendant abandoned his counter demand. Judgment was rendered by the trial coitrt denying plaintiff’s claim for damages and also it rejected defendant’s claim in recon-vention. From the judgment so rendered, plaintiff has appealed.
At approximately 1:15 o’clock on the day of the accident with weather conditions normal and with pavement dry, Rosa Mae Rachal was driving the insured automobile east on Turner Street, and while proceeding through the intersection of Turner and Overton Streets her automobile was struck by a Chevrolet pickup truck being driven by Clyde Lavallis. Overton Street is by city ordinance designated a favored street with right-of-way accorded it over Turner Street.
The evidence discloses the truck was traveling northerly along Overton Street. The southeast corner of the intersection contained a hedge which somewhat obscured the vision of the two approaching motorists. It also appears that an automobile was parked on the west side of Overton Street' and just south of Turner Street.
Rosa Mae Rachal, who was accompanied by her three small children, testified she came to a stop at the intersection and observing no approaching vehicle, proceeded through the intersection to a point where her front wheels were across the mid line of Overton Street when the impact occurred, her car being struck on the left side.
Clyde Lavallis testified he was traveling some twenty to twenty-five miles per hour under the maximum prescribed by the ordinance; that he observed the Pontiac automobile as it entered the intersection, at which moment he was about twenty feet from the point of impact and immediately undertook to apply his brakes but was unable to do so prior to the collision. The testimony of other witnesses failed to establish negligence on the part of Clyde Lavallis and adds nothing of importance to the testimony of the two drivers.
There is no special plea of contributory negligence and for this reason we cannot consider whether or not plaintiff was negligent. Meyer v. Rein, 1944, La.App., 18 So.2d 69; Baden v. Globe Indemnity Company, 1932, La.App., 145 So. 53-57; Francois v. Washington National Insurance Company, 1933, La.App., 146 So. 784; Nezat v. General Outdoor Advertising Company, 1946, La.App., 24 So.2d 482; Lobell for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, 1950, La.App., 48 So.2d 797; James v. Employers Mutual Liability Insurance Company of Wisconsin, 1954, La.App., 75 So.2d 888; Service Fire Insurance Company of New York v. Suezy, 1954, La.App., 77 So.2d 110. The sole question for our resolution is whether or not Clyde Lavallis was in any wise negligent.
Plaintiff charges the driver of defendant’s truck with negligence in the following particulars:
(1) Driving in excess of the speed limit; (2) failing to accord the right-of-way to the Pontiac automobile after it had preempted the intersection; (3) failing to keep his vehicle under control; (4) failing to keep a proper lookout for other vehicles; and (5) failing to apply, his brakes or avoid the collision after he saw *749 or should have seen the Pontiac automobile proceeding across the street.
An examination of the testimony and evidence as found in the record does not disclose substantial evidence to support the charges ascribed in (1), (3) and (5) as above enumerated. The evidence clearly shows that Lavallis was not exceeding the speed limit; that he promptly attempted to apply his brakes and that he saw Rosa Mae Rachal as she entered the intersection. This leaves for our sole consideration the question of whether or not the Pontiac automobile preempted the intersection and, therefore it was incumbent upon Qyde Lavallis to yield his right-of-way and permit the safe passage of the automobile ahead of him.
As we appreciate the evidence, Lavallis had but little opportunity to act when he first observed the approach of Rachal’s automobile and he immediately took reasonable precaution to bring his vehicle under control for the purpose of avoiding the accident. His vision to the west along Turner Street was obscured by the hedge and parked automobile, but these factors are of no legal import since the evidence discloses that Lavallis was proceeding along a right-of-way thoroughfare at a lawful and reasonable rate of speed. The facts show the Rachal car was struck on the side and after it had proceeded to a point about the center of the intersection with the front of the car perhaps slightly north of the center of Overton Street. Was it the duty of Lavallis to yield his right of way? We find under the stated facts the law does not charge him with that responsibility, nor did he have the opportunity to avoid the collision after timely discovering the presence of the Rachal vehicle.
It was recently stated by this court in the case of Harris v. Travelers Indemnity Company of Hartford, Connecticut, 1954, La. App., 70 So.2d 235, 237:
“Under the well-established interpretation with reference to the conflict of rights of automobile vehicle drivers, it is essential to again determine and apply the legal definition of preemption. Notwithstanding the fact that there are some pronouncements in some cases in the jurisprudence of our state which would appear to define preemption as dependent upon a mere showing of first entrance into an intersection, we think by far the better rule, and one which is now completely accepted, clearly requires the interpretation of preemption to be the entrance of an intersection with the normal and reasonable opportunity and expectation of clearing such intersection without obstruction to the crossing thereof by other vehicles. Butler v. O’Neal, La.App., 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hooper v. Toye Bros. Yellow Cab Company, La.App., 50 So.2d 829.”
The evidence, we think discloses Rosa Mae Rachal did not preempt' the intersection, for at the time she entered Overton Street her vehicle was in imminent danger of being struck by the Lavallis truck which was too close and being driven in a lawful manner. Our conclusion is that plaintiff has failed to establish any negligence on the part of Clyde Lavallis. It follows from our findings the judgment from which appealed should be and is hereby affirmed at appellant’s costs.