303 So.2d 229 (1974)
JAMES, ROBINSON, FELTS & STARNES, et al., Plaintiffs-Appellees,
v.
Edward Graham POWELL, Defendant-Appellant.
No. 12441.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
*230 Naff, Kennedy, Goodman, Donovan & Parnell by Ralph W. Parnell, Jr., Shreveport, for defendant-appellant.
Booth, Lockard, Jack, Pleasant & Le-Sage by John R. Pleasant, Shreveport, for plaintiffs-appellees.
Before AYRES, HALL and DENNIS, JJ.
DENNIS, Judge.
This is a suit to recover attorneys' fees. Plaintiffs-appellees are two law firms in Austin, Texas. Defendant-appellant, Edward Graham Powell, a resident of Austin, Texas, at the time the event out of which this controversy occurred, has since moved to Shreveport, Louisiana.
Powell entered into a joint venture agreement with Maurice Doke for the primary purpose of constructing a building to be known as the Richmond Building in Austin. Powell and Doke had serious disagreements which culminated in a law suit by Doke against Powell. Dan Felts and Mert Starnes, members of the firm of James, Robinson, Felts and Starnes, were *231 employed by Powell initially. When it became apparent that litigation could not be averted, the James, Robinson firm, with the authorization of Powell, retained the services of Charlie Dye of the law firm of Brown, Maroney, Rose, Baker and Barber. After a period of litigation and negotiation, the matter was concluded by a compromise settlement, with apparent fairness toward Powell, on or about May 20, 1971. Shortly thereafter both law firms presented Powell with statements for the attorneys' services. The fees of the attorneys for services rendered to Powell prior to and during this Texas litigation are the object of the instant suit.
The lower court rendered judgment in favor of James, Robinson, Felts and Starnes in the amount of $1,293.16 and Brown, Maroney, Rose, Baker and Barber in the amount of $1,731.94, both with interest at the rate of six per cent from judicial demand until paid. These amounts coincide with the statements rendered by the law firms. From this judgment Powell has appealed.
He contends the court below erred in not rejecting plaintiffs' demands since there was no expert testimony as to the value of the services, which were not rendered "under the eye of the court". Alternatively, appellant argues (1) the amount awarded was excessive and (2) the interest rate should have been five per cent and should run from the date of the trial court judgment instead of judicial demand.
In fixing the fee of an attorney the court may consider and weigh the testimony of other attorneys respecting the value of the services rendered, but such evidence is not necessarily controlling on the court. Succession of Weil, 205 La. 214, 17 So.2d 255 (1944) and authorities cited therein. Where the nature and extent of services are shown by the record, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel and to fix the value even in the absence of expert testimony. See Dinkelspiel & Hart v. Pons, 119 La. 236, 43 So. 1018 (1907); Gathe v. Broussard, 49 La. Ann. 312, 21 So. 839 (1897). Therefore, the action of the trial judge in proceeding to establish values for the attorneys' fees based on the evidence and using his own knowledge of the value of legal services was proper despite the fact that the services in question were not performed under the court's eyes and although no expert testimony other than the plaintiffs' as to value of the services was presented.
In estimating the value of an attorney's services consideration is to be given to the responsibility incurred, the extent and character of the labor performed, the importance of the questions presented, the amount involved, and the legal knowledge and ability of counsel. Succession of Weil, supra; Succession of Percival, 138 La. 543, 70 So. 505 (1915); Hunt v. Hill, 138 La. 583, 70 So. 522 (1915); Peltier v. Thibodaux, 175 La. 1026, 144 So. 903 (1932). Considering the evidence as to the nature and extent of services rendered by the two plaintiff law firms in light of these factors, we conclude that the value placed on the services by the trial court was not excessive.
Defendant contends, finally, that the trial court erred in awarding plaintiffs interest in the amount of 6% from the date of judicial demand, rather than in the amount of 5% from the date of judgment.
Civil Code Article 1938, as amended by Act 315 of 1970, provides:
"All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated."
In Hargrove, Guyton, Van Hook & Ramey v. Blanchard, 216 So.2d 127 (La.App., 2d Cir. 1968) and Carey v. Sentell, 64 So. 2d 451 (La.App., 2d Cir. 1953), this court awarded interest on a judgment for attorney's fees from the date the statement for the fee was mailed to the defendant. In the Hargrove case writs of review were *232 denied by the Supreme Court of Louisiana with the notation that the court found no error of law in the judgment of the Court of Appeal. See 253 La. 321, 217 So.2d 413 (1969). Recently this view was reiterated with approval by the Third Circuit Court of Appeal in Nugent v. Downs, La.App., 230 So.2d 597 (3d Cir. 1970). These decisions were based upon the principle that a claim for professional services becomes due upon completion of such services and interest commences to run from the date of a bill rendered. See also Friede v. Myles Salt Company, La.App., 177 So. 105 (Orl. 1937).
Defendant argues that these decisions represent incorrect departures from the holdings of the Supreme Court in Succession of Butler, 294 So.2d 512 (La.S.Ct. 1974) and Sugar Field Oil Company v. Carter, 214 La. 586, 38 So.2d 249 (1948) which allowed interest from date of final judgment in suits in quantum meruit. However, recovery of interest was so limited in those cases not simply because of the nature of the suits but because the claims were unliquidated and therefore not due until judgment was rendered. Connette v. Wright, 154 La. 1081, 98 So. 674 (1923). The court, in Sugar Field Oil Company v. Carter, supra, explained:
"It is particularly noted that under our early jurisprudence interest on an unliquidated claim was not allowed even from date of judgment, because it was held, in effect, that a judgment was not a debt within the meaning of the Article of the Code of Practice. [Referring to Article 554 of the Code of Practice which was similar to the provisions of Civil Code Art. 1938] (Authorities omitted). It has become the general practice of this Court to permit the allowance of interest from the date of judgment upon the principle that the judgment itself makes the claim a liquidated one." Id., 38 So.2d at 251-252
Therefore, there is no inconsistency between the decisions of this court and those of the Supreme Court. They merely represent the application of Civil Code Article 1938 to different kinds of debts.
Ordinarily the plaintiffs would be entitled to interest from the date of their bills rendered for services. However, under LSA-C.C.P. Art. 1921 interest is liable only as prayed for, unless otherwise provided by law. Therefore, the plaintiffs here can recover judgment only from date of judicial demand, since their claims for legal interest are restricted by the prayer of their demands. Sterkx v. Gravity District No. 1 of Rapides Parish, La.App., 214 So.2d 552 (3d Cir. 1968); Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218; Lake Charles Harbor and Terminal District v. Prestridge, La.App., 3 Cir., 182 So.2d 334.
Judicial demand herein was made on March 29, 1973. Article 1938 of the Civil Code was amended by Act 315 of 1970 to increase the rate of legal interest to 7% per annum from the time the debt becomes due, unless otherwise stipulated. Therefore, absent a stipulation, it would appear that plaintiffs would be entitled to interest at 7%. However, plaintiffs have conceded in brief that an agreement was previously entered between the parties that interest should be based on Texas law, which the plaintiffs state provides for legal interest at 6% per annum.
In view of the agreement of the parties to the rate of interest, and the prayer of the petition limiting the interest to that accrued after judicial demand, the trial court judgment providing for interest at 6% per annum from date of judicial demand was correct.
Affirmed.