G. WILLIAM SWIFT, Jr., Judge Pro Tem.
This is an appeal from a judgment awarding an attorney’s fee to plaintiff’s counsel for prosecution of a child support contempt rule.
On October 6, 1978, plaintiff-appellant, Paulette Green, filed a rule to make past due child support executory and for contempt, pursuant to a March, 1975, judgment ordering the defendant-appellee, Myron Johnson, to pay $190.00 per month for such support. When the rule was filed the defendant was in arrears $213.96.
The hearing on the rule was initially set for October 20, 1978, but was repeatedly continued and reset nine times before it was finally heard on March 16,1979. All of the continuances of the matter appear to have been based either on the defendant’s promises to pay the arrearages, which gradually increased, or on the non-appearance of defendant or his counsel. On two occasions attachments were issued to compel defendant’s appearance.
Between the filing of the rule and the March 16 hearing, the defendant made three payments, one of $430.00 on December 12, 1978, one of $542.00 approximately two weeks before the hearing and one a week before the hearing in the amount of $95.00. The latter represented the balance of the arrearage. During this period the defendant worked only intermittently. At the hearing he testified that his net earnings at that time were $432.00 per month, paid to him weekly.
The trial court found the defendant in contempt and ordered that he continue paying the same amount of support, but broke *91 it down into weekly payments of $47.50. The judgment further ordered defendant to pay $150.00 for the plaintiffs attorney’s fee.
On this appeal the plaintiff contends that the attorney’s fee award was so low as to be an abuse of the trial court’s discretion. We agree.
The court was obliged by La.R.S. 9:305 to award an attorney’s fee to the prevailing party in this rule for past due child support. The Second Circuit Court of Appeal addressed the manner of determining such an award in James, Robinson, Felts & Starnes v. Powell, 303 So.2d 229 (La.App. 2 Cir.1974), and said:
“Where the nature and extent of services are shown by the record, it is the duty of the court to bring to bear its knowledge of the value of the services of counsel and to fix the value even in the absence of expert testimony.”
The court further stated that in estimating the value of an attorney’s services:
“... consideration is to be given to the responsibility incurred, the extent and character of the labor performed, the importance of the questions presented, the amount involved, and the legal knowledge and ability of counsel.”
In the instant case, the trial judge said that he customarily valued attorney’s fees in a child support rule at $75.00. However, he decided to double that amount in this award, because of the two occasions when attachments had to be issued for the defendant to compel his appearance. We note, however, that the record also reflects approximately six court appearances by counsel for plaintiff, each of which resulted in a continuance at the request of defendant or because of defendant’s or his counsel’s absence.
While we recognize the defendant’s strained financial position, we are convinced that the extent of the services performed by counsel for plaintiff in this case, i.e., his numerous court appearances, mandate a substantially larger award and that the amount of $150.00 granted by the trial court for the attorney’s fee was so inadequate as to constitute an abuse of discretion. All things considered, we believe that a minimum award of $350.00 must be made for the legal services rendered the plaintiff at the trial court level. An additional $350.00 will be awarded for her attorney’s prosecution of this appeal.
For the foregoing reasons, the judgment of the district court is amended to increase the award for attorney’s fees to $700.00. Otherwise, it is affirmed. The costs of appeal are assessed to the defendant-appellee.
AMENDED AND AFFIRMED.