## SUCCESSION OF FLOWER.

Where a tutor has taken a suspensive appeal from a judgment which he deemed erroneous, he is without authority subsequently to acquiesce in the judgment, by voluntarily executing it, to the prejudice of the minor. A voluntary execution, under such circumstances, will not authorize the dismissal of the appeal.

Where an attorney presents a claim for professional services, and payment is refused, he cannot recover a larger amount for the same services, unless the first claim be shown to have been made in error. He will be concluded by his first claim.

APPEAL from the Court of Probates of West Feliciana, *Weems,* J. *Ratliff* and *Cowgill,* for the appellant. *Joor, pro se.* The judgment of the court was pronounced by

KING, J. *W. Flower* was appointed the tutor of his minor brother. After the death of his ward he presented a final account of his tutorship, which was opposed by *Joor,* who alleged that he was a creditor of the deceased for professional services rendered as an attorney, and prayed that the account be amended, and that the tutor be decreed to pay his demand. The opposition was sustained in the court below, and a judgment rendered in favor of the opponent for the amount claimed, from which the tutor has appealed.

The appellee moves for the dismissal of the appeal, on the ground that the appellant has acquiesced in the judgment, by paying its amount; and supports the motion by his affidavit of the fact of payment. The tutor having taken a suspensive appeal from a judgment which he deemed to be erroneous, was without authority subsequently to acquiesce in the judgment, by voluntarily executing it, to the prejudice of the heirs of the deceased. The motion to dismiss is, therefore, refused.

On the merits, it appears that the appellee was employed by the tutor as counsel; and that he rendered services as such, on account of which he received $100. When the tutor was about to render his final account, the opponent presented a claim of $300 for his professional services, subject to a credit of $100 previously received, which the tutor declined paying. *Joor* thereupon filed his opposition, and claimed $500 for the same services for which he had previously charged but $300. We think that he was concluded by his first claim presented, which is not shown to have been made in error. From an examin-

ation of the proceedings instituted and conducted by him in the Probate Court, due allowance being made for professional advice given in the administration of an estate involved in no litigation as far as appears by the evidence, and the adjustment of which presented no difficulties, we think that the sum originally claimed was an adequate compensation.

SUCCESSION<br>OF<br>FLOWER.

The judgment of the District Court is therefore reversed, as far as relates to the opposition of *Joor*. It is further ordered that said *Joor* be placed on the account as a creditor for $200, exclusive of the sum already paid him; and, in other respects, that said judgment be affirmed, the appellee paying the costs of this appeal.