## No. 287.

### First Circuit Appeal.

### WM. J. CARAWAY ET AL. v. MRS. LYDIA L. LEBLANC AND HUSBAND.

(December 30, 1924, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Acts—Par. 4; Donations—Par. 20; Obligations—Par. 29, 30.**
In this case an old man, a widower, who in his last days lived with a daughter and her husband with the understanding that they were to receive one-half of the community estate for their trouble, services and expense, made a cash deed to them of one-half the community property for a stated consideration which was, in fact, the agreement to take care of him. Held, that the supposed cash sale was null and void because it was, in fact, a donation of all of his property in contravention of Article 1497 of the Civil Code.

2. **Louisiana Digest, Obligations—Par. 170.**
Where an act of sale intended to recompense a daughter and her husband for her services to the father is null and void, the daughter and her husband are entitled to a quantum meruit under Article 1249 of the Civil Code.

3. **Louisiana Digest, Costs and Fees—Par. 45.**
Under Code of Practice, Article 549, the District Court must make the party cast pay the costs, but the Appellate Court may apportion the costs as it deems equitable, according to Act No. 229 of 1910, as amended by Act No. 265 of 1918.

Appeal from the 15th Judicial District, Parish of Beauregard, Hon. Thomas F. Porter, Jr., Judge.

This is a suit to have an act of sale declared a nullity. The sale was declared a nullity but a sum of money was awarded defendants, under their pleading in the alternative, for their services to the deceased before he died. From this judgment the defendants appealed.

Judgment affirmed and amended as to costs.

Powell & Lecompte, of De Ridder, attorneys for plaintiff, appellee.

Ped C. Kay, of De Ridder, attorney for defendant, appellant.

ELLIOTT, J. The plaintiffs; William J. Caraway, Mary J. Caraway, wife of R. A. Smith; Joseph C. Caraway, Sallie L. Caraway, wife of H. S. Crowder; Charles B. Caraway, Jr., Modena V. Caraway, wife of Robert Alston; Fannie Caraway, wife of Joseph White; Lucy Hughes, wife of Oliver Kennedy; Clyde Hughes, Ethel Hughes, wife of Delos Mizell; Freddie Hughes, Ezra B. Hughes, Lydia Hughes, wife of A. J. Burks, alleging themselves to be, together with John H. Caraway and Lydia B. Caraway, wife of Theodore LeBlanc, the sole and forced heirs of Charles B. Caraway, who have recently departed this life intestate leaving an estate consisting of an undivided half of one hundred and sixty acres of land, described in their petition, etc., being his half of the legal community of acquets and gains which had existed between him and their mother, who had departed this life intestate a few years before him, and that a certain act purporting to be a sale dated January 15th, 1923, executed and signed by Charles B. Caraway in favor of Mrs. Lydia L. LeBlanc and Theodore LeBlanc and whereby he had purported to sell and deliver to them his half of said property for $500.00 cash was not in fact a sale but a disguised donation whereby the said Charles B. Caraway was divested practically of all his property and the petitioners of their rights as his forced heirs, they sued Mr. and Mrs. LeBlanc to have the act decreed to be

null and void and their interest in the property recognized as forced heirs. The Hughes family are the children of a predeceased sister. John H. Caraway, a brother, declined to join in the suit and was made a party defendant, but he has taken no part in the litigation.

The plaintiffs allege that the act in question is a donation, that no price was paid, that their father did not reserve to himself after same enough for subsistence, that the attempted transfer is null and void for the whole. Mr. and Mrs. LeBlanc in their answer allege that there was no cash paid, that Charles B. Caraway, father of Mrs. LeBlanc, came to them after the death of her mother and requested them to come and live with him, make their home with him and take care of him for the balance of his life and for their trouble, services and expense he would make them a title to his half of the community estate above described.

Mrs. LeBlanc referred the matter to her husband. They agreed to his request and came and lived with him for the balance of his life.

He was about 75 years old at the time and lived about 4 years after they came to take care of him. He was old, feeble, and sick, troubled with heart attacks and required constant attention.

They furnished him with board, washed and laundered his clothes, gave him careful attention, and he made them the title in question in compliance with his promise.

They allege that their title is good, but if the court should decide otherwise, then they pray to recover against the other heirs the sum of $855.00 on account of their services to him.

The district judge decided that the title was null and void but gave them judgment for $283.00, with interest, against the other heirs, plaintiffs in the suit, several of whom, however, appear to have transferred their interest to defendants, and such as have done so, of course, have no further interest in the litigation. The defendants have appealed.

The evidence supports the allegations of the defendants in regard to the service rendered Charles B. Caraway and his promise to them.

It is unusual to find such unanimity among the plaintiffs and the defendants as to the services and other honesty and sincerity, their only difference being as to what is right according to facts established without dispute.

The only difference we find is in the estimated value of the property between other witnesses; but not between the plaintiffs and defendants.

The facts show that Charles B. Caraway was feeble when his wife died, although he continued to work on the farm and sometimes on the road, as he had been accustomed to do, except for the last two years he was unable to do anything except things described as piddling.

Mr. and Mrs. LeBlanc came to live with him and take care of him pursuant to his request and under the promise stated that they, Mr. and Mrs. LeBlanc, had previously lived at different places; made crops on shares; had no home of their own; all the others had secured homes of their own; consequently they only were in a position to make their home with him.

He required attention by his children all the time, on account of his infirmities. He was so deaf that he could not be called and when wanted it was necessary to go to him and let him know he was wanted.

The evidence shows that all his children were attentive, thoughtful, came to see how he was getting along, waited on him faithfully, but he expressed to friends his wish that Mr. and Mrs. LeBlanc might have title to 40 acres of the place, with

the residence and improvements on it; wanted to make them a title but, learning of·his undivided half interest, he decided to make them a title to his half interest in the whole tract as best he could do. He felt that he ought to do it because of the care they had bestowed on him.

Equality in right and inheritance by children from their parents is the fundamental principle and policy of the Civil Code of Louisiana. It also teaches moral and legal rights as practical law.

According to our Civil Code, Arts. 215 et seq., Mrs. LeBlanc and her husband, also because he was her husband, owed as a duty to her father all that she did for him, because he stood in need of same and all of his other children owed him the same duty and all within reach are shown to have discharged that duty as best they could. They had their own homes and families and could not conveniently, as defendants were able to do, leave their homes to live with him. It was better, of course, to let him live in his own house, therefore all could not render him the ·constant service of the nature and kind rendered by Mr. and Mrs. LeBlanc. The others who came to set·up and help take care of him had, 'in a way, to be taken care of by defendants, because they lived in the house.

It was the idea of Mr. Caraway that the act in question would serve as an onerous and remunerative donation.

In this connection we have considered the language of C. C. Art. 1526 and Landry vs. Landry, 40 La. Ann. 229,·3 South. 728.

The act, however, practically divested Mr. Caraway of all his property; the few head of cattle and hogs ·were of very small. value,·not sufficient for his subsistence, and such an act is against public policy and is null and void under the letter of the law and its policy. C. C. Art. 1409.

But the Civil Code does not leave·children who have rendered services for which a recovery should be permitted without a proper remedy, but gives them the right to recover for any service for which a recovery is proper in equity. C. C. Art. 1249. In a case like the present, when the act intended to recompense is null and void, the courts should allow as a quantum meruit, under C. C. Art. 1249, a proper recovery against the· other heirs in the same suit if prayed for to the end that justice be done. We .will not undertake an examination of the conflict between the decisions of the Supreme Court urged on us by the plaintiffs in their brief, based on different constructions of C. C. Arts. 1249, 1497, and 1526, as it does not appear to be necessary to do so in this case.

The services rendered Charles B. Caraway by Mr. and Mrs. LeBlanc were appreciated by him; he wished to recompense them; the title he made out cannot be given effect as a will; but under the law C. C. Art. 1249 the district judge very properly gave them judgment for the sum which he concluded was right and equitable, after taking into account all the facts and circumstances of the case. We will, therefore, not interfere with his judgment in that regard. Under the law, the district judge was compelled to tax all the cost against the parties cast in the suit. We can make a change in that respect on appeal without further disturbance of his judgment. Acts 1910, No. 229, as amended by Act 265 of 1918 (Editor's Note), which we will do in behalf of the defendants.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed, save that the cost of ·court in both courts is taxed and to be paid an equal share of each of the actual litigants in the case, plaintiffs and defendants alike.