64 So.2d 451 (1953)
CAREY
v.
SENTELL.
No. 7927.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1953.
Rehearing Denied April 14, 1953.
Donald C. Dickson, Shreveport, for appellant.
Harvey L. Carey, Shreveport, for appellee.
HARDY, Judge.
This is a suit by plaintiff, an attorney of Shreveport, for the recovery of the principal sum of $1,500 alleged to be due for services rendered to and in behalf of defendant. Plaintiff claimed interest on the amount at the legal rate from date of *452 February 26, 1952. After trial there was judgment in favor of plaintiff in the principal sum of $1,500, with legal interest from date of judicial demand, and from this judgment defendant has appealed. Plaintiff answers the appeal, seeking the allowance of interest as originally prayed.
There is not the slightest basis for any question as to the pertinent facts in connection with the litigation. Plaintiff was employed by defendant to represent him in connection with the succession proceedings of defendant's father, John M. Sentell. This employment was admitted by plaintiff. The testimony offered in support of the value of plaintiff's services is so overwhelming as to preclude the necessity for any discussion. Not only was this established by the testimony and by factual evidence submitted by the plaintiff himself, but the value of the services was fixed by several disinterested, reputable and experienced members of the Shreveport Bar as being well worth a minimum of $1,500 or more. As opposed there appears to be only the disinclination of the defendant to pay the amount claimed, which is supported solely by his testimony to the effect that he thought the charge excessive.
One other factual consideration enters the case and is strenuously urged by way of defense. The record establishes the fact that on February 26, 1952 plaintiff transmitted to defendant a bill, for services rendered, in the sum of $1,100, accompanied by a letter explaining that the amount billed was fixed far below plaintiff's own estimate of the value of the services because of the friendly relations existing between the parties. Subsequent demands made by plaintiff were ignored, and this suit was filed July 3, 1952.
Defendant here contends, first, that plaintiff was employed not only by this defendant but by his two brothers and as a consequence his recovery is limited against any one of the three to one-third of the total value of services performed; second, that plaintiff is estopped from claiming more than the amount billed; and, finally, that the amount sought to be recovered in this action is excessive.
The first proposition above enumerated may be briefly disposed. There is no evidence which would sustain a contention that the employment by this defendant and his brothers was considered a joint obligation on their part. Further, it is amply established that the services rendered by plaintiff in the interest of this defendant are more than worth the amount claimed. These findings of fact also dispose of defendant's third contention as above set forth which is predicated upon the argument that "* * * if each of the brothers must pay a like fee then this plaintiff will receive $4,500.00 for his services * * *", as observed in brief of counsel for defendant. The proposition urged is purely speculative, unsupported by any evidence in the record and entirely irrelevant to the issues presented in this case.
The only remaining question for determination deals with the effect of plaintiff's action in rendering a bill for a lesser amount than is demanded in this suit. Plaintiff urges that such action does not in any sense constitute an estoppel nor does it militate against plaintiff's right to recover an amount greater than that stated in the bill for services rendered, and the case of Thigpen & Harold v. Slattery, 140 La. 708, 73 So. 780, is cited in support of this argument.
Reference to the cited case discloses, as contended by plaintiff, that the facts are almost identical. A bill for $1,000 was presented by plaintiff firm to the defendant in a letter of October 1, 1914. More than a year later, on December 18, 1915, another letter was addressed to defendant withdrawing the bill previously rendered, which was alleged to have been fixed in a nominal amount, taking into consideration the personal friendship existing between plaintiff and defendant, and suit was filed making demand for the recovery of a fee of $2,500. These facts were all comprehended in the statement of the case by Chief Justice Monroe. However, the opinion *453 contains not a single word of reference to these facts, nor does it indicate directly, or even by implication, that this point was raised by way of defense. On the contrary the wording of the opinion leads to the inescapable conclusion that the only defense urged, and the only issue considered by the court, referred to an interpretation of the rule of professional courtesy. Under these circumstances it is clear that the case cannot be considered as authority for the conclusion contended by plaintiff.
Conversely, on behalf of defendant, counsel cites Succession of Flower, 3 La. Ann. 292, which disposed of the exact point here tendered. The opinion of the court pertinent to this issue reads as follows:
"On the merits, it appears that the appellee was employed by the tutor as counsel; and that he rendered services as such, on account of which he received $100. When the tutor was about to render his final account, the opponent presented a claim of $300 for his professional services, subject to a credit of $100 previously received, which the tutor declined paying. Joor thereupon filed his opposition, and claimed $500 for the same services for which he had previously charged but $300. We think that he was concluded by his first claim presented, which is not shown to have been made in error. From an examination of the proceedings instituted and conducted by him in the Probate Court, due allowance being made for professional advice given in the administration of an estate involved in no litigation as far as appears by the evidence, and the adjustment of which presented no difficulties, we think that the sum originally claimed was an adequate compensation."
Plaintiff, in brief, argues that the Flower case is inapplicable because "* * the attorney's bill was presented to the court for homologation and approved for a certain sum, later, when the approved sum was not paid the attorney for the tutor filed suit for a larger amount." Reference to the extract from the opinion of the court, as above quoted, persuades us that plaintiff is in error in this contention. There is no indication that the account had been presented and approved by the court and, on the contrary, it appears obvious that opponent's claim had been refused by the tutor in its entirety. Under these circumstances we are convinced that the case offers a controlling precedent for the conclusion that the claim of an attorney is limited, in the absence of error or some other qualifying factor, to the amount fixed by a bill rendered.
In further support of his position plaintiff asserts that the rule in other jurisdictions is the same as that established in the Slattery case, supra, citing Prager v. New Jersey Fidelity & Plate Glass Ins. Co., 245 N.Y. 1, 156 N.E. 76, 52 A.L.R. 193. We do not think the proposition is as clear-cut as plaintiff indicates, inasmuch as the court held in the cited case that while neither a bill for services rendered nor the allegation of a complaint have the effect of an estoppel, they are nonetheless "high evidence" in favor of the client. In any event we do not think this one isolated case can be regarded as justifying adherence to a rule which appears to us to be in direct conflict with the precedent established in our own state in the Flower case.
We think that plaintiff's claim for interest from date of February 26, 1952 is well founded. A claim for professional services becomes due upon completion of such services, and interest commences to run from date of a bill rendered. Friede v. Myles Salt Co., La.App., 177 So. 105.
For the reasons assigned the judgment appealed from is amended by reducing the amount thereof to the sum of $1,100 with legal interest at the rate of 5% per annum from date of February 26, 1952, until paid, and, as amended, is affirmed at appellant's cost.