McCALEB, Justice.
Plaintiff seeks to recover an attorney’s fee for services rendered defendant in a certain lawsuit brought against the latter by his former wife for the rescission of a community property settlement on the ground that he had fraudulently concealed some $30,000 community assets. This litigation was ultimately compromised by defendant’s payment of $7,500 to his former wife for which she also agreed to waive any and all future claims for alimony. Plaintiff is demanding $2,500 in recompense for his services on a quantum meruit basis and, in the alternative, alleging that defendant had agreed to pay him a fee of $1,000 if he could bring about a compromise which would include settlement of future alimony, requests recovery of that sum should it be found that there was a conventional agreement.
Defendant, while admitting the employment of plaintiff and the termination of the litigation by compromise as above set forth, denies any indebtedness for an attorney’s fee, maintaining that plaintiff had been paid for all professional services rendered in the litigation as it was covered by a $300 per year retainer fee, which was raised to $500 per year in 1950 and for which plaintiff allegedly agreed to handle all legal matters including personal litigation.
After a trial on the foregoing issues, there was judgment for plaintiff on the main demand in the sum of $2,500'. Defendant has appealed.
Since it is conceded by defendant that plaintiff was employed and performed the legal services, the only questions for determination are (1) whether the parties agreed that the services would be included in the yearly retainer’s fee paid to plaintiff and (2), if not, the amount of compensation to which plaintiff is entitled.
Plaintiff testified that the $300 annual retainer, which was later raised to $500, was limited to services rendered in relation to defendant’s used car business and that defendant promised to pay him a minimum fee of $1,000 for his services rendered in the litigation with defendant’s former wife. Defendant’s contention to the contrary evidently did not impress the trial judge nor do we think it is reasonable to believe that plaintiff agreed to handle the personal litigation of his client, in addition to his business affairs, for a small yearly retainer of $500. Hence, we conclude that plaintiff has not been recom *667 pensed for the services rendered in the litigation between defendant and his former wife.
On the other hand, we are of the Opinion that the judge erred in allowing recovery on a quantum meruit as it appears from plaintiff’s own testimony that he agreed to a fee of $1,000 and wrote defendant on two occasions demanding payment of that sum. If we are to believe plaintiff’s testimony (which we must in order for him to recover at all), there was a conventional obligation on the part of defendant to pay him $1,000 and no more.
But, apart from this, plaintiff could not recover more than $1,000 on a quantum meruit basis since that was the value he placed on his own work. Hence, it matters not that two other lawyers, testifying for plaintiff, gave the opinion that the services were worth $2,500. It has been held that, when an attorney sends a bill to his client for services rendered, he is concluded as to the value of his services in the absence of a showing of error or special conditions respecting prompt payment and the like. Succession of Flower, 3 La.Ann. 292 and Carey v. Sentell, La. App., 64 So.2d 451, certiorari denied June 1st 1953.
The judgment appealed from is amended by reducing the amount thereof to $1,000 and, as thus amended, it is affirmed. The costs of this appeal are to be paid by plaintiff.