SAMUEL, Judge.
Plaintiff, an attorney, rendered his bill in the amount of $2,500.00 for certain legal services he had completed for the defendant. The bill itself is undated but we find that it had been enclosed with a letter dated December 8, 1959. On the bottom of the bill plaintiff had written: “This can be paid in any manner that is convenient for you and I would appreciate it if it is convenient for you not to pay any of the sum during 1959.” At the end of the month, December 31, 1959, plaintiff rendered a second bill in all respects identical with the first except that the notation on the bottom thereof was: “This can be paid in any manner that is convenient to you.”
Defendant was displeased with the size of the fee charged and so informed plaintiff. But defendant did begin payment at the rate of $100.00 per month. He sent plaintiff two such payments of $100.00 each by check, one in January, 1960, and the other in February, 1960, and plaintiff accepted and cashed both of the checks. The following month, March, he sent a third check *237 in the amount of $61.02, with an enclosed note requesting or directing that his account be credited $100.00, the $38.98 deducted from the full payment being due defendant by plaintiff’s law partner for repairs to the latter’s car. The stationery upon which the letter received by defendant with the first bill and both bills, together with the envelopes used, bore the names of plaintiff and the other lawyer and the defendant’s understandable position is that he was under the impression that he owed the bill to both attorneys as partners although the evidence on behalf of plaintiff establishes that there was no such partnership and that a firm name was used only as a matter of convenience.
Plaintiff refused this March payment. He returned the $61.02 check to defendant with a letter stating that he was not responsible for the other attorney’s debts, demanding payment of the entire balance of $2,300.00 and threatening suit if this full amount was not paid on or prior to March 31, 1960. At all times thereafter defendant offered the regular monthly payment of $100.00, all of which were refused by plaintiff.
On April 5, 1960, plaintiff filed this suit for $2,300.00, the entire balance due on the bill. Defendant filed exceptions of non-joinder and prematurity, which were overruled, and then filed an answer in which he admitted the indebtedness and the fact that he had agreed to pay the balance, but alleged he was entitled to pay it in a manner “convenient” to him which had been established as $100.00 a month by the first two monthly payments accepted by the plaintiff.
The trial court rendered judgment in favor of the plaintiff and against the defendant, “to the extent hereinafter set forth,” as follows:
“IT IS ORDERED, adjudged and decreed that there be judgment herein ordering and condemning the defendant, Martin L. Frank to pay to the plaintiff, Louis C. Philips, the sum of SIXTEEN HUNDRED DOLLARS ($1600.00) (being the total of the sums heretofore tendered to the plaintiff by the defendant at the rate of $100.00 a month beginning March 1, 1960 and ending June 1, 1961); tire said Sixteen Hundred Dollars to be payable as of the date this Judgment becomes final.
“IT IS FURTHER ORDERED, adjudged and decreed that there be judgment, herein ordering and condemning the defendant, Martin L. Frank to pay to the plaintiff, Louis C. Philips, the sum of ONE HUNDRED ($100.00) DOLLARS on July 1, 1961 and a like sum on the first day of August, 1961, September, 1961, October, 1961, November, 1961, December, 1961 and January, 1962.
“IT IS FURTHER ORDERED, adjudged and decreed that the Plaintiff pay all costs of these proceedings.”
Plaintiff has devolutively appealed. His appeal is concerned only with the proposition that the judgment should have condemned the defendant to pay interest at the legal rate from date of judicial demand and to pay costs, and this constitutes the only question presented for our determination. During the pendency of the appeal accumulated payments totaling the full $2,300.00 were deposited by the defendant in the registry of the trial court where they remain at the present time subiect to being withdrawn by plaintiff.
In his thoroughly considered “Findings of Fact and Reasons for Judgment” the trial judge said:
“It is obvious that plaintiff’s stipulation on the bill that it could be paid in any manner convenient to the defendant made the bill much less onerous to defendant than if immediate payment of the $2,500.00 in a lump sum had been contemplated. It is also obvious that deferred payments were acceptable and advantageous to plaintiff since he himself stipulated for same *238 on the bill and also asked that no payments be made prior to the end of the year 1959.
“It is likewise obvious that plaintiff and defendant considered that plaintiff had completed the services for which he was employed when plaintiff rendered his bill to defendant and defendant made partial payments thereon which were accepted by plaintiff.
“The agreement between the parties is the law of the case. Persons competent to contract may do so by agreements which become the law between them and must be enforced as agreed upon.
“The plaintiff in this case had completed the services for which he was employed and had fixed not only the amount of his fee but also the manner of payment. Upon defendant’s acceptance this constituted the agreement between the parties which is binding on both parties and which no court has the right to abrogate.
“It is the Court’s opinion that under the above agreement defendant had the right to pay plaintiff’s bill in the manner convenient to him, that is $100.00 a month, and since defendant refused to accept these payments when tendered, and since there was no breach of the agreement by the defendant, plaintiff is not entitled to interest, and costs of these proceedings should be paid by the plaintiff.
“The Court is also of the opinion, however, that the defendant should be ordered to pay to the plaintiff the total amount which he heretofore tendered to the plaintiff each month and which were refused, that is the sum of $1,-600.00 and defendant should further continue the payment of $100.00 a month until the bill rendered by plaintiff has been paid in full.”
This case having been heard and decided prior to the effective date of the new Code of Civil Procedure, that code is not applicable. Insofar as interest is concerned plaintiff relies upon Code of Practice Article SS4 and LSA-Civil Code Article 1938, both of which provide that, unless otherwise stipulated, interest at the rate of S'% shall be allowed on all debts from the time they become due, and some of the jurisprudence, including Friede v. Myles Salt Co., La.App., 177 So. 105, and Carey v. Sentell, La.App., 64 So.2d 451, holding that a claim for professional services becomes due upon the completion of such services and interest begins to run from the date the bill is rendered. But neither the articles nor the cases cited are determinative of the question here presented. Plaintiff’s stipulation on his bill prevented the same from becoming due upon its rendition. And the debt was promptly paid upon the maturity of each installment; it was paid at the time it became due, and the codal articles which provide for interest from the time the debt becomes due are here inapplicable. In view of the fact that, following the judgment, plaintiff having refused to accept the same, all payments were made timely and in full as ordered in that judgment by depositing the same in the registry of court, there is no need for us to consider the absence of a provision in the judgment relative to interest on any payments not promptly made in accordance therewith.
Insofar as costs are concerned plaintiff relies upon Code of Practice Article 549 which provides that, except where compensation has been allowed or real tenders made, in ever}'' case the costs shall be paid by the party cast, and under which article the trial court had no choice or discretion in the matter. Caraway et al. v. LeBlanc, 1 La.App. 192.
Whether or not the present defendant is the party cast within the meaning of Article 549 is at least questionable. The *239 judgment did not condemn the defendant to pay the bill in any manner other than as admitted in his answer nor in any manner other than he was actually paying it and plaintiff did not actually win his case. Be that as it may, under both the former Code of Practice (Art. 908.3) and the present LSA-Code of Civil Procedure (Art. 2164) the appellate court has the authority to tax the costs, of the lower or appellate court, against any party to the suit, as in its judgment may be considered equitable. In the instant case we consider it equitable that the costs be taxed against the plaintiff.
For the reasons assigned, the judgment appealed from is affirmed; all costs in this court and in the trial court to be paid by the plaintiff-appellant.
Affirmed.