McBRIDE, Judge.
This is a proceeding by plaintiff to recover for medical services rendered Charles M. Koloas for which he alleges the defendants agreed to be responsible. Plaintiff treated Koloas for a period of seven days commencing February 7, 1962, and his bill amounts to $225.00. Judgment was rendered against defendant Kambur for said amount, but plaintiff’s suit as against defendant Fatsis was dismissed. Kambur appealed; plaintiff did not.
This suit was consolidated for trial in the lower court with Montelepre Memorial Hospital v. Kambur, 170 So.2d 214, an opinion in which case was handed down by us this date. Some of the evidence mentioned and some principles of law stated therein are pertinent to the instant case.
Dr. LaNasa testified that on February 7, 1962, he was summoned to the living quarters of Charles M. Koloas, who had suffered a heart attack, by a nurse named Margie Yorcenti. He advised the patient be hospitalized, and he was taken to Mon-telepre Hospital.
Dr. LaNasa further stated that later that night at about 10:15 p. m., while he was at the second floor nurses’ station in said hospital, defendant Kambur came to him and *219 requested that he take charge of Koloas and treat him and to spare no expense in doing so and that he (Kambur) and Fatsis would be responsible for the bill. Dr. LaNasa, in ■view of defendants’ promise to be responsible, agreed to continue with his treatment of Koloas. Defendants deny any such conversation with Dr. LaNasa. Fatsis claims he did not go to the hospital until 12:00 o’clock that night. We are in accord with the finding of the trial court that defendant Kambur agreed to be responsible for the ■doctor’s bill and that the doctor extended the credit to him, and the obligation to pay is a primary one.
Dr. LaNasa claims $225.00. The evidence shows, however, that he rendered two bills to Kambur and Fatsis. The first is for $60.00, dated February 15, 1962, the date the patient was removed from Mon-telepre Hospital, after which date Dr. La-Nasa rendered no further services. Subsequently Dr. LaNasa billed Kambur and Fatsis $225.00. His explanation is that the first bill for $60.00 was merely “preliminary,” and the second bill represents the true amount due him. Frankly, we cannot •understand why there were two bills. The first is dated the very day the services terminated, and the only view of the matter we can take under the circumstances is that the $60.00 bill includes charges for all services that had been rendered up to its date in the absence of a notation to the contrary appearing on the bill. No services were rendered thereafter, and Dr. LaNasa should not be heard to claim more than the $60.00. In Succession of Flower, 3 La.Ann. 292, an attorney submitted a bill for $100.00 but later rendered one for $300.00 for professional services. The court observed:
■“ * * * We think that he was concluded by his first claim presented, which is not shown to have been made in error. From an examination of the proceedings instituted and conducted by him in the Probate Court, due allowance being made for professional advice given in the administration of an estate involved in no litigation as far as appears by the evidence, and the adjustment of which presented no difficulties, we think that the sum originally claimed was an adequate compensation.”
In Carey v. Sentell, La.App., 64 So.2d 451, an attorney’s bill was $1,100.00, but he sued for $1,500.00. The court denied the larger amount. The court’s conclusion was that the attorney’s claim was limited to the amount fixed by the first bill in the absence of error or some other qualified factor.
 Dr. LaNasa on cross-examination stated that he charged $15.00 for the visit to Koloas before the latter’s admission to the hospital. The other charges stem from treatment accorded the patient while in the hospital.
Whereas, we have concluded that Dr. La-Nasa’s action is restricted to his bill for $60.00, we must further restrict his recovery against defendant Kambur to $45.00 for the simple reason that services amounting only to $45.00 were rendered after the patient reached the hospital. Kambur never agreed, and Dr. LaNasa does not pretend he agreed, to pay for attention given before Koloas went to the hospital and, of course, Dr. LaNasa cannot recover therefor. It is clear from the doctor’s testimony that Fat-sis made no agreement to be responsible, and whatever is due is owed by Kambur, who was the promisor. Under LSA-C.C. P. art. 2164 the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The record clearly shows the indebtedness is Kambur’s.
For the reasons assigned, the judgment appealed from is amended so as to reduce the amount thereof to $45.00 and as thus amended, and in all other respects the judgment is affirmed. Plaintiff is to pay the costs of appeal.
Amended and affirmed.