PONDER, Judge.
This is a suit for the balance due on an open account for attorney’s fees. The trial court-rendered judgment in favor of the plaintiff in an amount less than sued for. Defendant has appealed and plaintiff has answered the appeal asking for an increase.
The issues on appeal are:
1. The propriety of overruling defendant’s exception of improper venue;
2. Whether the judgment should have been rendered against the community of acquets and gains rather than against the defendant individually;
3. Whether the court erred in awarding interest; and
4. Quantum.
We affirm.
Defendant retained plaintiff to represent him in actions for separation from bed and board and for divorce. After defendant had retained other counsel, a dispute arose over the amount of fees.
The court found that the plaintiff had done considerable work for the defendant for which he had not been paid, and awarded $1,600.00 in quantum meruit.
VENUE
Defendant filed an exception of improper venue,’ claiming to be a domiciliary of Jefferson Parish where he should have been sued. Judgment was rendered by the trial court overruling the exception.
We find no merit in this assignment of error. LSA-C.C.P. Article 929 provides that the declinatory exception shall be tried and decided in advance of trial of the case. Defendant’s counsel, although given notice, did not attend and offered no reason for his failure.
COMMUNITY OBLIGATION
Defendant contends that the trial court erred in rendering a judgment against him individually rather than against him as head and master of the community of gains. He cites Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972), and cases cited therein, as authority for the proposition that the attorney’s fees of both the husband and wife in a separation proceeding are payable only out of community assets.
Attorney’s fees for both husband and wife in separation proceedings are *909 proper charges against the community. Uchello v. Uchello, 220 La. 1061, 58 So.2d 385 (1952). However, the husband is the proper defendant in a suit against the community. LSA-C.C.P. Article 735. The community is a contract between the parties thereto and can have a direct effect only between them. 32 La.L.R. 219 at 225. It is not a natural or juridical person and is without patrimony. Creech v. Capitol Mack, Inc., La., 287 So.2d 497 (1973).
Plaintiff obligated himself to pay attorney fees under these circumstances. He cannot escape liability or defer payment by saying the fee is an obligation of the community. What accounting the community might owe defendant under Malone v. Malone, supra, is not before us. This specification of error is therefore without merit.
INTEREST
Defendant claims that the trial court erred in granting interest on the award made. In the oral reasons for judgment at the conclusion of trial the court omitted any mention of interest; however the written judgment granted interest from the date of billing by the plaintiffs.
This claim is without merit. The reasons for judgment form no part of the judgment itself. A reading of the transcript shows that the court was informing the parties of the decision it had reached so that a judgment could be prepared accordingly. There was no intent to cover every aspect of the judgment in the oral reasons.
Plaintiff is entitled to legal interest from August 5, 1975, the date defendant was billed for services rendered. LSA-C. C.P. Article 1921 and Carey v. Sentell, 64 So.2d 451 (La.App. 2nd Cir. 1953).
QUANTUM
Plaintiff has answered the defendant’s appeal contending that the trial court erred in not awarding him $3,666.00, the amount sued for.
The court found that the amount of time spent by plaintiff on the case was excessive. The testimony of plaintiff and defendant conflicted as to whether all of the work was authorized or was necessary. Based on the record as a whole, we cannot say that the judgment for $1,600.00 was manifestly erroneous.
For the above reasons, the judgment of the trial court is affirmed; defendant is to pay all costs.
AFFIRMED.