WATSON, Judge.
In this litigation involving domestic discord, Dorothy Bourque Daigle filed suit on September 12, 1975, against her husband, Leroy Daigle, demanding a legal separation on the allegation that he had attempted without lawful cause to have her committed to a mental institution. Leroy reconvened, contending that in fact he was entitled to a legal separation due to his wife’s having made unjust accusations against his moral character at his place of employment.
A rule concerning child custody and support was tried in January, 1976, by a judge who retired before trial on the merits. In the rule proceeding, the custody of a 16-year-old son of the marriage was given to Leroy and custody of the two young daughters was given to Dorothy, an arrangement which is not contested on appeal. Alimony and child support were fixed at that time.
In June, 1976 the case was heard on the merits by a second trial court judge and it was necessary for the proceedings at the rule hearing to be transcribed in order that the judge who was hearing the merits could review the evidence which had been previously presented. Only a small amount of evidence was taken at the trial on the merits, most of the differences between the parties having been thoroughly aired at the hearing on the rule for child custody and support.
Apparently due to a delay in transcribing the rule proceeding, the merits were not decided until June, 1977, at which time the trial court held that neither party had presented sufficient evidence to justify the granting of a legal separation. Leroy has appealed, contending that he proved his case and is entitled to a legal separation, and Dorothy has answered the appeal, also contending that she proved her right to a separation.
This court has carefully reviewed the record and is of the opinion that there is no manifest error in the conclusions of the trial court that Leroy did not prove that his wife had made such unjust accusations against him or was so deficient in her conduct of her wifely duties as to entitle him to a separation and that Dorothy failed to prove that Leroy attempted without good cause to have her committed.
However, due to the long delays which have been encountered by these parties-litigant in the judicial process, this court is going to remand this case to the trial court for further proceedings and any relief to which the parties might now be entitled. LSA-C.C.P. art. 2164. The parties are granted 30 days to file such additional pleadings as desired; if no pleadings are filed the trial court is authorized to dismiss the proceedings.
The trial court assessed the costs one-half against each party. This was an error. Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972). Costs of trial and appeal should be and are assessed against the community of acquets and gains between Leroy Daigle and his wife.
REMANDED.