PONDER, Judge.
Defendant appealed from the judgment making executory a foreign judgment of divorce and decreeing plaintiff the owner of an undivided one-half interest in all community property within the jurisdiction of the court.
The issues are: the propriety of overruling a plea to the venue and of proceeding to an immediate trial on the merits after the overruling of the plea without any answer or preliminary default.
We reverse and remand with instructions.
Plaintiff, a resident of Livingston Parish, filed a petition asking for recognition of a judgment of divorce obtained in Arkansas and for a decree that plaintiff is the owner of one-half of all community property “within the jurisdiction of this Court.”
Defendant filed an exception to the jurisdiction over the person of the defendant and a plea to the venue. The exceptions were set for hearing. The judge to whom the case was allotted recused himself and the case was continued without date.'
Evidently, before the recusal, however, a written stipulation was entered into that defendant was domiciled in Jefferson Parish, that plaintiff owned no property in Livingston Parish and that the immoveable community property was in Jefferson Parish.
Later, the exceptions were reassigned. On the date of the hearing, however, attorneys for the defendant failed to appear, whereupon the court overruled the exception of lack of jurisdiction over the person and the plea to the venue and granted judgment recognizing and making executo-ry the Arkansas judgment of divorce, decreeing a judgment of absolute divorce between the parties, decreeing plaintiff to be the owner of an undivided one-half of all the community property lying “within the jurisdiction of this court,” and making the rule absolute in favor of the plaintiff.
The overruling of the plea to the venue was improper. This is not a suit for a divorce nor is it one for partition of community property. The proper venue is that of the domicile of defendant. C.C.P. Art. 42.
Defendant cites Smith v. Dendinger, 349 So.2d 907 (1st Cir. 1977), for the proposition that the court was justified in overruling the exception and plea. The case stands for the proposition that the court is justified in ruling on the exception even if counsel fails to appear. Here the court had a stipulation in the record to facts that made it clear that venue was not proper. The plea should have been maintained.
The error was compounded when the court proceeded to trial on the merits without an answer, without a preliminary default, without notice of trial on the merits and without presence of counsel. C.C.P. Art. 1001 allows ten days for filing an answer when an exception has been overruled. Evidently, because of the statement that the rule is made absolute, the court was under the mistaken impression that a rule had been issued. This is incorrect and would have been improper use of summary proceedings, had it been used.
For these reasons the judgment is reversed and the case is remanded with instructions to transfer the case to the proper venue.
REVERSED AND REMANDED.