COFER, Justice, for the Court:
The appellant, Stephen Parcell, was in the Circuit Court of the First Judicial District of Hinds County indicted and convict-' ed of murder and received a life sentence. He has appealed, assigning errors condensed into these issues in his brief:
A. The court should have ordered further psychiatric and psychological evaluation of the defendant prior to trial.
B. The patrolman’s testimony as to the confession given by the defendant should have been excluded because it was not given freely, voluntarily and intelligently.
C. The court should not have excluded defendant’s proposed instruction No. 6.
Concluding that these assignments of error are without merit, we affirm the conviction and sentence.
The appellant, then recently arrived in Jackson, had formed a liaison with the victim, the separated but undivorced mother of four children, one of whom witnessed the slaying of its mother.
About five thirty a. m. on June 18, 1978, appellant went to the bus station in Jackson, where his victim was, engaged in a brief conversation with her, and stabbed her multiple times with a butcher knife, from which wounds she died.
Various pleadings touching upon the mental competency of appellant were submitted between the indictment and the trial. On September 12, 1978, such a petition was filed praying that he be taken to St. Dominic Hospital for psychiatric examination and evaluation. This request was granted, and, on appellant’s motion, his trial was continued to a later date so that results of that examination could be made available. On November 8, 1978, pursuant to a sworn motion therefor, an order was entered ordering appellant’s return to St. Dominic Hospital “. .. for such period of time as is necessary ... to determine his sanity at the time of the commission of the alleged crime and at the present time.”
There appears in the file, the agreed exhibit on the hearing, a signed motion reciting that the psychiatrist’s report had just been received and moving for continuance. This motion is not dated and shows no filing date, and no order granting the motion . appears. There next appears an order, established as having been entered on March 28, 1979, granting a continuance because of incapacitation of defendant’s counsel for medical reasons. On July 10, 1979, he moved for an endocrinological examination, on medical advice, to determine the existence or not of a physical disability which might cause “the black out episodes during the alleged crime.” This motion was, on July 23, 1979, granted and order was entered for such examination by the University Hospital on July 30, 1979. On September 27, 1979, his attorney moved on his behalf that appellant be committed to Mississippi State Hospital for a “full and complete battery of psychological examinations.” Hearing on this motion was had on September 28, 1979, wherein no proof was offered, and the motion was denied.
The record reflects that the defendant had had a difficulty with a “girlfriend” earlier in his life, exact nature of which is not shown, resulting in his undergoing mental testing in New York. In the series of examinations, Dr. Hilsman had diagnosed his condition as being an antisocial personality, although he did recommend full psychological testing for him. There was also, *1388 in the several examinations to which he was subjected in this cause, a conclusion that he was mentally capable of undergoing trial.
His defense was based upon a “black out” on his part causing total failure to recall the tragic event. However, the record reflects that he had bound a butcher knife to his lower limb by use of elastic bands, to carry it to the bus station, that he drove to the murder scene, argued with his victim, committed the fatal act, fled the scene, returned to his dwelling place where he undertook to hurt himself seriously, and then called the police and reported his efforts at suicide. His brother was at the apartment when the police arrived, and. this brother did not testify in the case. During the trial, his telephone bill for the relevant period was put in evidence, and appearing thereon, unexplained, are three calls to Brooklyn, New York, 5:20 A.M., 12:45 P.M., and 1:04 P.M. on the day of the occurrence.
At the conclusion of the testimony, appellant’s attorney put into the record this statement:
Let the record show that counsel for the defendant represents and states to the Court on behalf of the defendant and with his agreement just received in the presence of co-counsel and Father Abram that the issue of legal insanity under the present McNaughton rule is not raised by •the defendant.
On this statement, one of the mental physicians who examined the defendant did not testify, though present and ready to be so used.
Courts in trials such as here, are, by statute and case law, committed to the requirement that mental examination be afforded the defendant to determine his ability to make defense, where such person’s mental condition is brought into question. Mississippi Code Annotated, section 99-13-11 (1972); McGinnis v. State, 241 Miss. 883, 133 So.2d 399 (1961); and Bell v. State, 360 So.2d 1206 (Miss.1978).
We conclude that the sound discretion of the trial judge was not abused in his refusal to order the further mental study of the defendant.
The appellant asserts that a confession given to a police officer as they were in an ambulance on the way to the hospital was not free, voluntary and intelligent.
The officer and the appellant were in the ambulance en route to the hospital for eight to fifteen minutes, during which time the officer gave to appellant the Miranda warning and appellant confessed to the stabbing, was crying, sorry he did it, and hoped she survived. There were not threats or abuse at all, so the officer testified, and he did not want an attorney.
Along the way, appellant asked the officer what the victim’s condition was, and he told him that she was in “bad shape.” The present error, according to appellant, arises from the fact that the officer, at the scene of the crime, had undertaken to find the victim’s pulse and could find none, and the officer did not tell him she was dead. However, the officer testified that oftentimes where there has been considerable loss of blood, a pulse may not be found and that this does not necessarily mean that the victim has expired.
It is further argued that the officer’s conversation with the appellant as to his need to get himself into a proper relation with God amounted to his taking an advantage of appellant. It is argued that this approach impaired the admissibility of the confession. The argument may be valid where applicable. The overall thrust of the officer’s testimony is that the confession took place in the ambulance on the way to the hospital, and that the spiritual consideration never arose until appellant and the officer had reached the hospital.
The appellant argues that a combination of the officer’s failure to advise him that the victim was dead and his conversation with him about getting into a right relationship with God effectually deprived the confession of the free, voluntary, and intelligent nature required of admissible confessions. We conclude that there was no misleading of the defendant as to his victim’s physical condition and that the spiritual injection took place after the confession had been given, and that these severally or to *1389 gether did not influence or impair the admissibility of the confession, and there was no error in its admission.
The final error argued is the court’s refusal of an instruction on “heat of passion” which, if believed by the jury, would operate to reduce the crime to manslaughter within the meaning of Mississippi Code Annotated, section 97-3-35 (1972). In addition to the argumentative nature of the instruction, we are of the view that the manslaughter theory was amply presented to the jury and that the defendant was not entitled to the instruction, nor prejudiced by its refusal.
No error having been found, we affirm the conviction and sentence.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.