## Johnny E. WELLONS

v.

## Raul ZAMBRANO, Jr., Mr. & Mrs. Raul Zambrano, Sr., Erwin Gars and Robert Dixon.

### Civ. A. No. 81–1054–A.

United States District Court, M.D. Louisiana.

March 10, 1983.

Brady Louis Jones, III, Baton Rouge, La., for plaintiff.

John Di Giulio, Baton Rouge, La., for defendants.

## MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

This action involves the case of the disgruntled discharged lawyer rather than the unhappy client. Two of the defendants, Erwin Gars and Robert Dixon, have moved to dismiss the action as to them for lack of jurisdiction in personam and alternatively for lack of subject matter jurisdiction of the court.

---

The complaint alleges that Raul Zambrano, Jr., a citizen of Venezuela, who was arrested and charged in East Baton Rouge Parish, Louisiana, with serious violations of Louisiana's drug laws, engaged the services of plaintiff, a Baton Rouge lawyer, to represent him for an agreed legal fee of $5,000.00. Plaintiff further alleges that, on instruction of Zambrano, Jr., he contacted Mr. & Mrs. Zambrano, Sr., his parents, who are also citizens of Venezuela, to "confirm the oral contract for legal representation and attorney's fees" and further alleges that plaintiff was informed that the defendants Gars and Dixon, attorneys practicing and residing in Miami, Florida, would handle the matter of plaintiff's engagement. Plaintiff further alleges that he actually performed certain legal services (a bond hearing and preliminary motions) on behalf of Zambrano, Jr., and that defendant Gars confirmed his engagement by telephone and agreed to pay plaintiff $2,500.00 immediately with the balance due after the hearing on the preliminary motions. Plaintiff also alleges that the defendant Dixon came to Louisiana and despite plaintiff's exemplary services up to that point, selected another lawyer, whereupon plaintiff was forced to withdraw as counsel of record, sans fee.

Plaintiff seeks to make a federal case of his dispute with his former client by invoking the diversity jurisdiction of this court. 28 U.S.C. § 1332(a). By the terms of that section the Congress, in its wisdom, has mandated that only "where the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interests and costs," may a dispute between parties of diverse citizenship become a federal case. To meet this jurisdictional requirement, plaintiff's complaint alleges that he has sustained the following damages resulting from his discharge by his fickle former client:

| | |
|---|---|
| "Actual Damages | $4,000.00 |
| Mental Suffering | 5,000.00 |
| Loss of Earnings | 5,000.00" |

Defendants Gars and Dixon claim that, as citizens of Florida with virtually no contacts with Louisiana, they can not be subjected to suit in Louisiana. They also assert that despite the $3,999.99 cushion alleged in excess of the federal jurisdictional threshold, plaintiff actually can recover no more than $9,000.00 and that the matter is not truly a federal case. As we shall see, the defendants are correct in result regarding jurisdictional amount but for the wrong reasons.

Defendants' argument is predicated upon the familiar and longstanding Louisiana rule that "mental suffering" (by whatever name it may be called) can not be recovered as an element of damages for breach of contract unless a principal or the exclusive object of the contract is intellectual enjoyment. La.Civ.Code art. 1934(3); *Meador v. Toyota of Jefferson, Inc.*, 332 So.2d 433 (La.1976). Defendants argue that since plaintiff's alleged total damages of $14,000.00 includes $5,000.00 for "mental suffering" that amount should be subtracted, leaving plaintiff's total claims at $9,000.00, or $1,000.01 short of the necessary amount.

In his opposition, plaintiff alleges that his original complaint was loose in referring to the "actual damages" as $4,000.00; plaintiff asserts that he intended to allege that the defendants agreed to pay him $5,000.00 for his services and also states that the "mental suffering" alleged in the complaint ought to be read as "humiliation, embarrassment, and damage to reputation" sustained as a result of his discharge by the ungrateful client. Plaintiff explains the $5,000.00 "loss of earnings" as representing fees from other matters that he could have earned had he not wasted his time performing legal services on behalf of Zambrano, Jr. Finally, plaintiff correctly asserts that the court may not dismiss for failure of jurisdictional amount unless the defendants have established to a legal certainty that plaintiff's claims can not result in a judgment in excess of $10,000.00. *St. Paul Mercury Indemnity Co. v. Red Cab*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Much of life is (or should be) a series of learning experiences, and one of the first lessons that ought to be learned by all who

are called to the Bar is that the client may discharge the lawyer at any time, with or without cause. This is so because the lawyer acts as a mandatary for the client, and the power of attorney is revocable at any time. La.Civ.Code art. 3028; *Louque v. Dejan*, 129 La. 519, 56 So. 427, 38 L.R.A., N.S. 389 (1911); *Foster, Hall, Barret & Smith v. Haley*, 174 La. 1019, 142 So. 251 (1932); *United Gas Public Service Co. v. Christian*, 186 La. 689, 173 So. 174 (1937); *Succession of Robinson*, 188 La. 742, 178 So. 337 (1938); *Gravity Drainage District No. 2 v. Edwards*, 207 La. 1, 20 So.2d 405 (1946). The rule of the Civil Code has more recently been re-enforced by the provisions of the Code of Professional Responsibility promulgated by the Supreme Court of Louisiana; Disciplinary Rule (DR) 2–110(B)(4) requires a lawyer to withdraw if he is discharged by the client.

Added to the indignity already imposed upon the lawyer by the client's unilateral right to terminate the relationship at will, is the firmly established Louisiana law that the client may do so without incurring any liability to the lawyer, except for payment of legal services already performed.[1] Disciplinary Rule 2–110 requires that the discharged lawyer "shall refund promptly any part of a fee paid in advance that has not been earned." The disciplinary rules are binding on Louisiana lawyers, *Saucier v. Hayes Dairy Products, Inc.*, 373 So.2d 102 (La.1978); *Simon v. Metoyer*, 383 So.2d 1321 (La.App. 3rd Cir.1980) *writ ref.* 389 So.2d 1388 (La.1980) but Louisiana jurisprudence goes even further. Louisiana holds that the contract provision for compensation becomes unenforceable upon termination by the client and that the lawyer may recover for past services actually performed only upon a *quantum meruit* basis.[2] *Gosserand v. Monteleone*, 159 La. 316, 105 So. 356, 42 A.L.R. 310 (1925); *Cain v. Employ-*

*ers Casualty Co.*, 236 La. 1085, 110 So.2d 108 (1959); *Schiro v. Macaluso*, 13 La.App. 88, 126 So. 244 (La.App.Orl.1930); *Woodley v. Robinson*, 100 So.2d 255 (La.App. 2nd Cir. 1958); *Lynch v. Burglass*, 286 So.2d 170 (La.App. 4th Cir.1973); *Krebs v. Bailey's Equipment Rentals, Inc.*, 328 So.2d 775 (La. App. 1st Cir.1976).

Thus it is quite clear that under Louisiana law plaintiff can not recover for the "mental suffering," or "humiliation, embarrassment, and damage to personal reputation" allegedly caused by the unfaithful client's precipitous discharge. Such slings and arrows are among the many that we lawyers must suffer by reason of membership in our chosen profession. *Damnum absque injuria.*. The $5,000.00 claim for this item must pass from consideration, not because of defendants' argument that the contract for legal services had no intellectual enjoyment for its object, but because the client incurs no such liability in discharging his lawyer.

The same must be said of the $5,000.00 claim for "loss of earnings" and the four or five thousand dollar claim for the contractual amount. The client has put an end to the contract, and plaintiff is entitled to recover no more than the fair value of the legal services actually performed by plaintiff in connection with the bond hearing and other preliminary motions, without regard to the amount which was agreed upon for those services, except that the lawyer may not recover more than the value he himself placed upon his own worth. *Guerriero v. Davidson*, 229 La. 664, 86 So.2d 526 (1956).

When plaintiff's claims are analyzed and measured according to Louisiana law, we see that his maximum recovery is in the range of $2,500.00, not $14,000.00 or $15,000.00 and in no event could judgment ex-

---

1. It is for this reason that the practicing Bar has evolved its own working rule, to be strictly adhered to in criminal cases: GET YOUR FEE IN ADVANCE. While compliance with this rule will not assure the lawyer of keeping all of the fee in the event of discharge, *Simon v. Metoyer*, 383 So.2d 1321 (La.App. 3rd Cir.1980) *writ ref.* 389 So.2d 1388 (La.1980); D.R. 2–110, it will almost guarantee that he will actually get paid for services rendered.

2. We do not here consider whether a different rule might apply in cases where an interest in the action has been transferred to the lawyer, since that situation does not obtain here.

**18**

ceed the federal threshold. The court is not bound by the mere amounts demanded in the complaint; indeed the court must not accept as binding those money claims which have been shown to be inflated, nonrecoverable or frivolous. *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132 (3rd Cir.1976) *cert. denied* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976); *Curtis v. Peerless Ins. Co.,* 299 F.Supp. 429 (D.C.Minn.1969); *Ehrenfeld v. Webber,* 499 F.Supp. 1283 (D.Me. 1980). Practitioners of the law should also be aware that it is at least as difficult to fashion a silk purse from a sow's ear as it is to convert a small claim into a federal case. As Judge Brown has observed, the Congress never intended that federal courts "must function as small claims courts." *Burns v. Anderson,* 502 F.2d 970, 972 (5th Cir.1974). It appears to a legal certainty that plaintiff's claim is really for less than the jurisdictional amount. Under these circumstances, the court is required to dismiss the entire action, *sua sponte,* despite the fact that the defendants, Zambrano, Jr. and Mr. & Mrs. Zambrano, Sr., have made no appearance in this action. *Clark v. Paul Gray,* 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); *Park Hills Music Club, Inc. v. Board of Education,* 512 F.Supp. 1040 (S.D.Ohio 1981); *Aetna Ins. Co. v. Southern,* 198 F.Supp. 505 (N.D.Cal.1961).

The Court will leave to the state courts determination of whether some or all of these defendants may be subjected to personal jurisdiction under Louisiana's "long arm" statute, Louisiana Revised Statutes 13:3201 et seq.

For the foregoing reasons, this action will be DISMISSED for failure to meet the jurisdictional amount required by 28 U.S.C. § 1332(a).